Case 27.

PET. EQ.

## Gault and Wife *vs.* Trumbo.

### APPEAL FROM BATH CIRCUIT.

1. A father conveyed a tract of one hundred and ten acres of land to his son, in consideration of his undertaking to support him for life, and at his death, or in two years thereafter, to pay to the grand-son of the grantor $600; afterwards the parties agreed that the son should re-convey to the father fifty acres of the same land, in consideration that the father would release the son from his obligation to support him, and from the payment of the $600 to the grand-son, and the deed was made: Held, that the father and son could not, by such agreement, deprive the grand son of the benefit of the provision made for him by the first executed agreement, (*Story's Eq.*, sec. 793, *note A*,) or his lien for the money to be paid to him.

2. A gift which is executed cannot be revoked by the donor. (*Story's Eq.*, sec. 793.)

3. A vendee receiving a conveyance becomes a trustee for the vendor, as to the payment of the unpaid purchase money, who has a lien therefor on the land; (*Story's Eq*, 789;) and if any part of the price is to be paid to a third person, the grantee is to that extent a trustee for such person, and the lien to that extent attaches to the land, which will be inforced against its author, and all subsequent volunteers. (*Hill on Trustees*, side page 88.)

4. Purchasers of land held in trust, with knowledge of the trust, hold it subject to the trust, and should be required to discharge a lien for the purchase money in proportion to the value of the land they purchased.

[The facts of the case are stated in the opinion of the court.—REP.]

*Nesbitt* for appellant—

Argued—1. That the proper parties were not before the court.

2. That there were no executed gifts to Tho. Trumbo, the appellee; that the proposed gift was without consideration, and that it was in the power of Geo. and Samuel M. Trumbo to change their contract, and cut off Thomas Trumbo from the receipt of the $600.

3. But if Samuel M. and George Trumbo were under a misapprehension of their power to change

their former contract, it is not right and just that the land held by Samuel M Trumbo, and not re-conveyed, should be subjected to the payment of the $600, but it should be thrown upon that part re-conveyed to his father. The present holders of the land took it with a knowledge of the title on record, and have no right to complain.

*Sudduth* for E. Matthews and E. Hardwick—

George Trumbo conveyed the fifty acres of land which Sam. M. Trumbo had conveyed back to him to his two daughters, Eunice Matthews and Eliza Hardwick, who resist the claim of Thomas Trumbo on two grounds: 1. That there existed no lien in behalf of Thomas Trumbo on the lands. (*Littell's Selected Cases*, 378.) 2. That if any did exist at any time, it attached to the lands when the one hundred and ten acres were conveyed to Samuel M. Trumbo, and as he retained sixty out of the one hundred and ten sufficient to discharge the land that alone should be charged with the $600. (*Bright's heirs vs. Banks*, 6 *Monroe*, 199.)

*Trumbo & Lacy* for appellee—

The proof shows that the plaintiff was upwards of twenty-three years old when this suit was brought.

The facts of the case show that the plaintiff had a lien on the one hundred and ten acres of land conveyed to Sam. M. Trumbo. So soon as it was conveyed, for $600, to be paid as specified, this was an executed gift which was irrevocable; it was not in the power of George and Samuel M. Trumbo to change that act. The re-conveyance did not have the effect of removing the lien from any part of the one hundred and ten acres of land, though, under the circumstances, it might seem more just to subject the fifty acres re-conveyed to the payment of the $600, with interest from the 25th February, 1855, which is the sum claimed.

We ask an affirmance with costs and damages.

GAULT, &c.
vs.
TRUMBO.

January 19.

1. A father conveyed a tract of 110 acres of land to his son, in consideration of his under-taking to sup-port him for life, and at his death, or in two years thereafter, to pay to the grand son of the gran-tor $600; after-wards the par-ties agreed that the son should reconvey to the father fifty acres of the same land in consideration that the father would release the son from his obligation to support him, & from the pay-ment of the $600 to the grand-son, and the deed was made: Held, that the father and son could not, by such agreement, deprive the grand son of the benefit of the provision made for him by the first executed agreement, (Story's Equity, 793, note A,) or his lien for the money to be paid to him.

2. A gift which is executed can-

Judge SIMPSON delivered the opinion of the court:

On the 14th of March, 1842, George Trumbo con-veyed to his son, Samuel M. Trumbo, one hundred and ten acres of land, by a deed duly executed and recorded. The consideration recited in the deed was love and affection, an agreement on the part of the grantee to take care of the grantor, and to furnish him a decent support during his natural life, and al-so to pay to Thomas Trumbo, infant son of John L. Trumbo, the sum of six hundred dollars, at, or with-in two years after he should attain the age of twen-ty-one—he being a grand-son of the grantor.

On the 5th day of December, 1849, Samuel M. Trumbo re-conveyed to his father fifty acres of the same tract of land. The consideration recited in this last deed was an agreement of the parties to rescind the first contract, so far as it related to the payment of the six hundred dollars to Thos. Trum-bo, and to the support of the grantee in the last deed for the remainder of his life; or in other words, Geo. Trumbo, the father, agreed to release his son Sam-uel M. Trumbo, from his obligation to support him during the balance of his life, and from the payment of the six hundred dollars to Thos. Trumbo, in con-sideration that he would re-convey to him fifty acres of the same land, and the deed was executed to car-ry that agreement into effect.

This action was brought by Thos. Trumbo, shortly after he attained the age of twenty-three, at which time the sum of six hundred dollars was made pay-able by the first deed, to enforce his lien upon the land for its payment.

The plaintiff's right to the relief he asks for de-pends upon the legal effect and operation of the first deed, and the power of the parties thereto to divest him of any interest he acquired under it by the sub-sequent agreement which they made for that pur-pose.

The appropriation of six hundred dollars of the price of the land to his use was entirely voluntary on the

part of his grand-father. Nevertheless if the gift was executed it was irrevocable by the donor; and if no further act on his part was necessary to give full effect to it, it must be regarded as an executed gift. As he had parted with the legal title to the land, and had on the face of the deed created an obligation on the grantee to pay the money to the plaintiff, at a certain specified time, the gift was complete, without any further act to be done by him. He had lost all power and control over the money. He could not have compelled the grantee to pay it to him, or to any other person than the plaintiff. And the doctrine is well settled, that although a court of equity will not enforce a voluntary executory gift, yet if the transfer, assignment, trust or conveyance, is completed at law so that no further act remains to be done to give full effect to the title, there, courts of equity will enforce it throughout, although it is derived from a mere gift or other voluntary act of the party. (*Story's Eq., sec.* 793, *A.*)

GAULT, &c.
vs.
TRUMBO.

not be revoked ed by the donor. (*Story's Equity,* sec. 793.)

On the sale and conveyance of land, the vendee, as to the unpaid purchase money, becomes, in equity, a trustee for the vendor, who has a lien upon the land to secure its payment. (*Story's Equity, section* 789.) Under the operation of this principle the grantee in the first deed became, in equity, a trustee for the plaintiff, to the extent of his interest in the purchase money. The deed passed the legal estate, and created a perfect executed trust in his favor, and the doctrine is, that in such a case the trust will be executed against its author, and all subsequent volunteers claiming under him. (*Hill on Trustees, side page* 88.)

It is also a well settled principle, that the purchaser of trust property, or of property subject to a lien, with notice of the trust or lien, takes the property subject thereto, and occupies in that respect precisely the same attitude of his vendor.

It follows from these principles, and it is the opinion of the majority of the court, (Chief Justice Cren-

3. A vendee receiving a conveyance becomes a trustee for the vendor, as to the payment of the unpaid purchase money, who has a lien therefor on the land; (*Story's Equity,* sec. 789;) and if any part of the price is to be paid to a third person, the grantee is, to that extend, a trustee for such person, and the lien to that extent attaches to the land, which will be inforced against its author, and all subsequent volunteers. (*Hill on Trustees, side page* 88.)

GAULT, &c.
vs.
TRUMBO.

shaw dissenting,) that the gift of the six hundred dollars was executed, and irrevocable by the donor. That upon the execution of the first deed, the grantee therein, became the trustee of the donee, and as the trust was executed, so far as the grantor was concerned, he had no power over it. And that as the grantee in the deed held the property subject to a trust, he would not, by any agreement he might make, even with the grantor himself, affect the trust injuriously, or exonerate the property from the lien that it created upon it.

4. Purchasers of land held in trust with knowledge of the trust, hold it subject to the trust, and should be required to discharge a lien for the purchase money in proportion to the value of the land they purchased.

As then the property still remains liable for the payment of the six hundred dollars, the inquiry arises, upon which part of the land ought this liability devolve, on that which was retained by the grantee, or on that which was re-conveyed to the grantor, or ought it, in equity, to be apportioned rateably between both parts?

The whole land was subject to the lien for the purchase money. As the fifty acres were re-conveyed, upon an agreement between the parties, that the grantee in the first deed was to be discharged from the payment of the six hundred dollars, under the belief that the grantor therein had the power, by such an agreement, to make the discharge effectual; and as to that extent there was a failure of the consideration upon which the last deed was executed, there does not seem to be any good reason why the fifty acres should be exempt from liability to contribute to the payment of the money due to the plaintiff. And as the parties acted under a mutual mistake, and the payment of the six hundred dollars was not assumed by the grantee in the last deed, we do not think that the whole burthen should fall upon the fifty acres, but that it should be distributed between the two parts of the tract according to the value of each respectively.

Both pieces of land have passed into the hands of purchasers for a valuable consideration. But the deeds under which the vendors claimed title to the

land, furnished the purchasers with notice of the existence of the plaintiff's lien; and in addition to that there still remains due from each of the purchasers a sufficient amount of the purchase money to pay his rateable proportion of the plaintiff's demand.

Wherefore, the judgment is reversed, and cause remanded for further proceedings, and judgment in conformity with the principles of this opinion.