WARREN *vs.* F. A. FENN & G. C. FENN.

A vendor, selling an equitable estate in lands and taking the promissory note of the purchasers, for the purchase money, has an equitable lien upon the land for the amount of the unpaid notes, in preference to the claim of voluntary assignees of the purchasers.

Thus where W. held an equitable title to a lot of land, by the assignment to him of a scrip or surveyor general's certificate of lands owned by the state, by which he was entitled to a deed from the state on the payment of $17.00, and he assigned such certificate to F. & M. for the consideration of $300, for which amount he took their promissory notes, payable at a future day, and such notes were not paid at maturity, and subsequently F. & M. being insolvent, made a voluntary assignment of all their property to the defendants, in trust for the benefit of creditors; *Held* that the plaintiff could enforce his equitable lien upon the land, for the amount of the notes, as against the claim of the defendants.

THIS was an action to enforce an equitable lien for the purchase money, upon an equitable interest in lands.

*O. Ferris,* for the plaintiff.

*S. Brown,* for the defendants.

*By the Court,* POTTER, J. Warren held an equitable title to 160 acres of land, distinguished as lot 32, in Schroon, Essex county, by the assignment to him of what is called a scrip or surveyor general's certificate of lands owned by the state, on which he was entitled to a deed from the state, upon payment to the state of $17.00. This certificate he duly assigned to Francis W. Fenn and David S. Munger, on the 25th of March, 1857, for the consideration of $300; for the payment of which Fenn & Munger gave him their promissory notes, payable 1st January, 1858. These notes were not paid at maturity, but afterwards, and on the 17th March, 1858, Fenn & Munger being insolvent, made a voluntary assignment to the defendants, for the benefit of creditors, of all their estate, including their interest in the said certificate.

The question now before the court is, whether the plaintiff has an equitable lien for the amount of his unpaid notes, in

preference to the claim of the voluntary assignees of the vendees, of the said certificate?

The interest conveyed to Fenn & Munger was an equitable estate in lands. Such an estate has been regarded as real estate, and may be sold, charged, or devised by the vendee. (*Malin* v. *Malin*, 1 *Wend.* 658, *and cases cited.*) It is so treated by our statutes. Such an estate may be sold as real estate, by order of surrogates, for payment of debts. (2 *R. S.* 111, *marg. page,* §§ 78, 66.) And widows are entitled to dower therein. (*Id.* §§ 85, 88, 71, 72.) The plaintiff in law was a vendor. (*Burrill's Law Dic.* "*vendor.*") He took no security on the sale. He took the notes of the vendees, which are not regarded as security, and amount only to a specific settlement of the sum to be paid by them. The doctrine is so well settled, at this day, that it would be a waste of time to quote authorities to prove that the vendor of real estate sold has a lien for the unpaid purchase money, while the estate is in the hands of the vendee or his heirs, when no contract is made, either expressly, or from which it may be implied that the lien was not intended to be reserved. (1 *John. Ch.* 308. 7 *Paige,* 382.) The purchase money is *prima facie a lien,* and the *onus* lies upon the vendee, his heirs or assigns, to show the contrary. It is superior to the lien of a prior judgment against the vendee, (6 *Paige,* 310. 1 *Peere Wms.* 277,) and holds against subsequent purchasers who advance no new considerations. (3 *Barb.* 267.) The defendants are voluntary assignees, and are not, within the meaning of the law of equity, *bona fide purchasers.* They stand in no better position than their assignor did. (15 *N. Y. Rep.* 195.) It has become one of the best established principles of natural equity, and the courts should ever be prompt to maintain it in its full vigor, that estates are to be regarded as unconscientiously obtained, when the consideration is not paid. To enforce such an equity, the court began at an early day to attach to the vendee the character of a trustee by implication for the vendor, and as holding the estate by contract, to be

conveyed upon payment of the consideration. The doctrine of an equitable lien for unpaid purchase money was derived from the Roman civil law, and applied as well to chattel or personal property as to real estate. (*Mackreth* v. *Symmons,* 15 *Ves.* 344.) This lien is a part of the contract itself, and subsists against the vendee, and all claiming under him, with notice. This principle was adopted into the English common law, though they did not usually extend it to movable property, when there had been a transfer of possession. In this state it has been held that even though there has been a transfer of possession, if the goods were to be paid for by approved notes, or by giving security, the vendee remains a trustee of the vendor, till the approved notes or security is received, and also that a voluntary assignment of the vendee while in possession of the goods, did not defeat the equitable lien of the vendor. (*Haggerty* v. *Palmer,* 6 *John. Ch.* 437.) Though the estate here in question was not a legal estate, the doctrine of equity, above stated, equally applies. (1 *Barb. Ch.* 549. *Story's Eq. Juris.* §§ 1221, 2.) Although no reported case is referred to in our courts, where an equitable lien has been foreclosed, existing in only an equitable estate, yet there is no good reason why it should not be enforced in those estates as well as in estates where the legal fee existed in the vendor. (4 *Kent's Com.* 151, 2. 1 *Hill. on Real Prop.* 492, § 10. 4 *Comst.* 312.)

The plaintiff is therefore entitled to judgment to enforce his equitable lien for the amount of his unpaid notes, subject to the prior lien of the state for the sum remaining unpaid to them; and to an injunction restraining the defendants from disposing of the certificate in question, or of the lands therein described, until said notes are paid.

[WARREN GENERAL TERM, July 13, 1858. *C. L. Allen, James, Rosekrans* and *Potter,* Justices.]