## SUPREME COURT.

### MARY FLYNN agt. MILLIE D. POWERS.

The separate estate of a *married woman* is liable for a *deficiency on a foreclosure sale* of mortgaged premises which she purchased, and *assumed to pay the mortgage* as a part of the consideration for such purchase. (*This follows the decision in the case of Ballin* agt. *Dillaye, ante, p.* 216.)

Where such married woman was an *infant* under twenty-one years of age, at the time she received the deed and assumed to pay the mortgage : *held,* that her subsequent acts in conveying the premises with warranty of title and taking the purchaser's covenant to assume the same mortgage which she had assumed ; and also her appearance by attorney in the foreclosure suit, and no question of infancy being raised, was an affirmance of the whole transaction which established her liability, free from any disability of infancy.

*Kings County Special Term, January,* 1868.

THIS action was brought by the plaintiff against the defendant, to recover a deficiency arising on the foreclosure of a mortgage on real estate which the defendant, a married woman, bought of the plaintiff, subject to the mortgage, and which she assumed in the deed of conveyance to her to pay. The defendant afterwards sold it to one John Brower, who also assumed and agreed to pay the mortgage. The mortgage was foreclosed and the property was sold, and a judgment for $1,504 deficiency entered against one Walsh the the original mortgagor, for such deficiency. The plaintiff, in this case, paid such deficiency to Walsh and took an assignment of it, and brought this suit to recover it, asking to charge the defendant's separate estate for the amount.

At the time the defendant received the deed and assumed to pay the mortgage, she was an infant under the age of twenty-one.

HENRY PARSONS, *for plaintiff.*
IRA D. WARREN, *for defendant.*

TAPPEN, J. The later decisions of the court of appeals appear to meet and govern the first question in this case.

Flynn agt. Powers.

They will be found in *Owen* agt. *Cawley* (36 *N. Y. R* 600, *June*, 1867), and in *Ballin and others, Executors* agt *Dillaye, &c.* September, 1867, in Ms. (*Reported ante, p.* 216.) In this case quoting the chancellor in *Gardner* agt. *Gardner* (7 *Paige*, 112), the court says, the wife may have a separate estate of her own, which estate is chargeable in equity for any debt she may contract on the credit or for the use of such estate, also citing *North American Coal Co.* agt. *Dyett* (7 *Paige*, 9), *Gall* agt. *Dederer* (18 *N. Y. R.* 265), and *White* agt. *McNett* (33 *N. Y. R.* 371).

In the case under consideration the defendant had a separate estate. The obligation which she took upon herself, was for the benefit of her separate estate, and indeed in this case, that obligation enabled her to acquire a separate estate; " for how can it be said that a debt contratcted upon the purchase of property which a purchaser takes into possession and enjoys, and disposes of at an apparent profit, is not a debt contracted for the benefit of the purchaser's estate.

Her separate estate as a whole, becomes liable for any indebtedness contracted by her for its benefit to any extent: A lien does not exist for her engagements at large, but may be deduced from an express or implied agreement to that effect on her part, or from some equivalent obligation resulting from her act by operation of law.

In this case Mrs. Powers the defendant, in conveying the premises to Brower, made the conveyance subject to the two existing mortgages, the payment of which Brower assumed as a part of the consideration money, and Mrs. Powers has therefore a right of action against him, or his representatives, to make good the deficiency in question.

As to the question of infancy, I will just state the dates of the several transactions.

The conveyance to the defendant is dated June 20, 1856, acknowledged August 5, 1856, recorded October 23, 1856. The conveyance by the defendant to John Brower is dated January 21, 1857, acknowledged March 21, 1857, recorded April

9, 1857. In June, 1860, the defendant herein, was person-
ally served with summons and notice of object of action, and
appeared by attorney in the foreclosure suit. A sale was
had therein August 14, 1860, and a judgment for deficiency
against Walsh, docketed September 8, 1860, for $1,504, and
on the 19th of December, 1866, this deficiency appears to
have been settled by the plaintiff in this action for and on
account of Walsh who, on that day assigned to the plaintiff
herein, his claim against the defendant herein.

I do not consider the proof conclusive as to defendant's
infancy, the witness on that point is the defendant's mother.
She says: "I think the defendant was born in 1837, and I
have always kept her birth day 31st March. I had a record, but
it was destroyed by fire when I was burnt out a year or two
after my husband's death. He has been dead twenty-five or
twenty-six years; Millie (the defendant), was my fourth child,
she was sixteen years of age entering her seventeenth year
when married, which was January 18; but don't recollect
the year. I had five children. The second child was born
in 1832, in the cholera season, that is what makes me recol-
lect. I have with some doubt, however, given the defend-
ant the benefit of a finding that she was not of the age of
twenty-one years.

But this question of fact is not so important if we refer to
the subsequent acts of the defendant in conveying the prem-
ises with warranty of title, and taking the purchaser's cove-
nant to assume the mortgage, and to save harmless the
defendant; also the appearance of the defendant by attorney
in the foreclosure suit, after being personally served with the
summons and notice of the object of action, and no question
of infancy being raised. In all this there is sufficient proof
of affirmance. Moreover there should be a restitution by the
defendant of the consideration received, in order to avoid the
liability entailed by the contract. The estate and proceeds
thereof cannot be retained without performance of the obli-
gation sought to be enforced. This is the uniform rule.

(*Henry* agt. *Root*, 33 *N. Y. R.* 531, *and cases cited; Lynde* agt. *Budd,* 2 *Paige,* 191, *and Kitchen* agt. *Lee,* 11 *Paige,* 107.) Judgment should be entered for the plaintiff according to the prayer of the complaint, with costs.