## SUPREME COURT.

### MARY FLINN agt. MILLIE D. POWERS.

The contract of an *infant* is not void, but voidable only. It is a subsisting liability, requiring however, *ratification by the infant, after he becomes twenty-one years of age,* before it can be enforced.

Where a married woman, being an *infant,* took a deed of land, upon which there was an existing mortgage, which she assumed to pay as a part of the considera- tion money for the premises conveyed; subsequently, and while an infant, she conveyed the premises with warranty of title and took the purchaser's covenant to assume the same mortgage, and on a foreclosure of the mortgage subsequently, and after she had become of full age, she appeared in the foreclosure suit by attor- ney and put in no answer, and judgment was entered in foreclosure as if she had - been an adult during the whole transaction:

*Held,* that by her suffering the foreclosure complaint, in which she was made a defendant, to be taken as confessed by her, she determined that the act done by her in infancy—the covenant to assume and pay the mortgage, should stand, and rendered her liable for a deficiency. (LOTT, *J., dissenting. Affiming S. C. at special term,* 35 *How.* 279.)

*Kings General Term, December,* 1868.

*Before* LOTT, *P. J.;* BARNARD, GILBERT *and* TAPPEN, *Justices.*

ON the 20th of February, 1855, one Edward A. Walsh was the owner of a piece of real estate in the city of New York. On or about that day he gave a bond and mortgage upon said lot to one Whitehead to secure the payment of $3,596.

On the 20th of June, 1856, Walsh conveyed said property to the defendant for the consideration of $9,300; the defend- ant in the deed of conveyance assumed and agreed to pay the mortgage.

At the time the defendant took such conveyance from Walsh, she was but nineteen or twenty years of age.

On the 21st of January, 1857, the defendant, before she became of age, conveyed such property to one Brouwer for

the consideration of $12,000; Brouwer also agreed to pay this mortgage.

On the 7th day of June, 1860, Whitehead commenced an action in the supreme court to foreclose such mortgage, and made the defendant a party defendant by serving her with a summons and complaint and notice of the action.

The defendant appeared in that action by her attorney, but did not answer, and a judgment was entered therein on the 20th of July, 1860.

The property was sold under such foreclosure, and on the 10th of September, 1860, a judgment was entered against Walsh for $1,504.04 deficiency.

On the 19th of December, 1866, Walsh paid this judgment for deficiency, and assigned his claim against the defendant to the plaintiff in this action.

During all these transactions the defendant was and still is a married woman.

he is now the owner of several pieces of real estate in her own right, and has a separate estate.

The cause was tried by the court without a jury, and a judgment rendered for the plaintiff against the defendant, charging her separate estate with the amount of the judgment for deficiency.

From that judgment so entered, this appeal is taken.

The defendant claims that the plaintiff is not entitled to recover, on the following grounds:

*First.* Because at the time of this transaction the defendant was a married woman.

*Second.* Because at the time she took this deed and entered into this covenant, *and at the time she sold the property,* she was an infant under the age of twenty-one years.

IRA D. WARREN, *for appellant.*

I. The conveyance to the defendant and the covenant to pay this mortgage was made June 20th, 1856, so that the

question in this case must be determined by the law as it then stood, unaffected by any subsequent statute.

Prior to the act of 1860, the only cases where the separate estate of a married woman could be charged, was—

*First.* Where the instrument creating the debts charged it upon her separate estate.

*Second.* Where the debts were contracted for the benefit of her separate estate. (*Yale* agt. *Dederer,* 18 *N. Y. R.* 265.)

The deed by which she assumed to pay the mortgage in question, contained nothing charging this upon her separate estate, and the question is: Was the covenant assuming to pay the mortgage in question, for the benefit of her separate estate ?

The question at once suggests itself; if a married woman's whole separate estate is bound on a personal obligation by which she agrees to pay a third party's mortgage, it is difficult to imagine a case where a married woman's separate estate is not bound for any debt contracted by her.

The finding of the court that it was for the benefit of her separate estate is a conclusion of law, and not a finding of facts; it was so held in the case of *Yale* agt. *Dederer* (22 *N. Y. R.* 451 ; 37 *N. Y. R.* 35.)

The finding of the court that it was in her separate business has no bearing on this case. Prior to the laws of 1860, a married woman could not carry on business and bind herself. This transaction took place in 1856.

This case is, therefore, to be examined on the law as it existed prior to 1860.

Was the purchase of this property by Mrs. Powers, and the assumption of the mortgage in question, for the benefit of her separate estate at the time of the purchase ?

It was, or was not, a valid contract at that time. It could not be one or the other, depending on what she subsequently got for the property. (2 *Esp.* 472 ; 1 *Salbe.* 386.)

It does not appear that she had any separate estate at the

time of this transaction to be benefited. If by this purchase she acquired a separate estate, then the estate so acquired is the only estate to be charged. (*Ballin and others* agt. *Dillaye*, 37 *N. Y. R.* 35.)

" A married woman, by accepting a deed of land subject to " mortgage, and covenanting to pay the mortgage, does not " bind herself nor any of her separate property, other than " the land so conveyed, unless such deed and covenant are " made in the course of a trade or business carried on by " her." (*Brown* agt. *Hermann*, 14 *Abb.* 394.)

This obligation incurred by Mrs. Powers was a personal guarantee that the property she purchased was worth the amount of the mortgage. It was not a present debt, but a contingent liability in the nature of security for the mortgage, which require express words to charge it upon her estate. (*Yale* agt. *Dederer*, 18 *N. Y. R.* 265; *Id.* 22 *N. Y. R.*; *Curtis* agt. *Engle*, 2 *Sandf. Ch.* 287.)

It is difficult to conceive how assuming and agreeing to pay a mortgage on property which sold for $1,500 less than the mortgage, was for the benefit of the defendant's separate estate.

It is nothing more nor less then a guarantee of this mortgage, and I cannot conceive how such a contract could, in the slightest degree, benefit her separate estate.

There is a wide and marked distinction between this case and the case of *Ballin* agt. *Dillaye* (37 *N. Y. R.* 35).

In the case of *White* agt. *McNett* (33 *N. Y. R.* 371), the court hold that it must appear that the contract was for the benefit of her separate estate, and that the guarantee of a mortgage which a married woman had taken on the sale of her real estate was not binding on her, because it appeared that her husband received the proceeds of such mortgage. Had she received the money, it is difficult to conceive how her guarantee would benefit her separate estate, unless it was proved that she obtained a better price for the mortgage on account of the guarantee.

In order to show that it was for the benefit of her separate estate, the plaintiffs should have proved and the court found that the property was worth more than she paid at the time she bought it. If it was worth exactly what she paid, or less, how was her separate estate benefited?

II. At the time the defendant bought this property and assumed to pay this mortgage, and at the time she sold the property to J. Brouwer, she was an infant under the age of twenty-one.

A suit for a foreclosure of this mortgage was commenced and a summons and notice of the object of the action served on the defendant after she became of age.

The court holds that the fact that she appeared in that suit by an attorney and raised no question of infancy, was a ratification or affirmance of the contract.

We submit this is not an affirmance of the contract. No act was done by the defendant showing any intention to affirm the contract, nor anything from which a new promise to pay the debt could be inferred (assuming it to be an existing indebtedness). (*Goodsell* agt. *Myers*, 3 *Wend.* 479; *Hodges* agt. *Hunt*, 22 *Barb.* 151; *Voorhies* agt. *Voorhies*, 24 *Id.* 150; *Jackson* agt. *Burchin*, 14 *John.* 124; *Whitney* agt. *Dutch*, 14 *Mass.* 460; *Millard* agt. *Hewlett*, 19 *Wend.* 301; *Wakeman* agt. *Sherman*, 5 *Seld.* 91; *Bigelow* agt. *Grannis*, 2 *Hill.* 120; *Everson* agt. *Carpenter*, 17 *Wend.* 419; 20 *American Jurist*, 268; 2 *Kent*, 9th ed. 264, *note* 3 *and cases; Parsons on Contracts*, 271; *Smith* agt. *Mayo*, 9 *Mass.* 62; *Gailey* agt. *Crane*, 21 *Pick.* 523.)

At the time the foreclosure suit was commenced, there was no debt due under this covenant. It was a contingent liability depending upon what the property sold for. It was time enough to disaffirm it when any claim was made under it. An appearance by attorney in that suit would, it seems to us, repel the idea of an affirmance by her, rather that confirm it. Certainly, when she was served with a notice that no personal claim was made against her, she was

.not called upon to object nor raise any question of infancy. :Had she done so, she would have been charged with costs. (*Code*, § 131.)

She had disposed of the property to Brouwer *before . she became of age;* therefore that was no affirmance. (*Story on ·Contracts*, § 68; 20 *American Jurist*, 267; 1 *Parsons on ·Contracts*, 267.)

In the case of *Lynde* agt. *Budd,* the infant conveyed the property with warranty *after she became of age.* In the. case of *Henry* agt. *Root* (33 *N. Y. R.*), the same doctrine was affirmed on the same facts, and the question of what consti- tutes an affirmance fully discussed. ·  ·

III. The court holds in this case that before the defendant can sustain the defense of infancy she must restore what she has received.

This is undoubtedly so where an *adult* seeks in equity to set aside a contract made during his minority upon which he has received payments.

The court say in such a case to the party coming into a court of equity, your contract is voidable, but where you ask for affirmative relief, to have your property restored to you, you must also restore what you received for your property. (*Story on Contracts*, § 63.)

But we submit this is not so in an action at law by one who has taken an infant's contract by assignment, to recover on the contract. so assigned after the infant becomes of age.

The defense of infancy is a strict legal defense. It is not incumbent on the defendant when she puts in a defense of infancy to first restore the consideration. Infancy is a per- fect and complete defense. (1 *Parsons on Contracts*, 267, 268, *and note*; *Story on Contracts*, § 60.)

Suppose.she had given her note for the price of this prop- erty instead of assuming to pay the mortgage, and before she became of age had sold the property and spent the money. Can it be said that she could not interpose a defense of infancy until she had restored the consideration of the note? Sup-

pose the note had changed a dozen times, who is it to be restored to.

We submit that no case can be found where the defense of infancy, in an action at law, has been made to depend upon a restoration of the consideration of the contract sued on. (*Shaw* agt. *Boyd,* 5 *Serg. & Rawle,* 309.)

In a case like the present where the property had been disposed of by the infant before she became of age, the seller has no remedy. (*Story on Contracts,* §§ 60 *and* 62; *American Jurist, Vol.* 20, 260; 1 *Parsons on Contracts,* 267.)

IV. The judgment should be reversed, and a new trial ordered, with costs.

A. PARSONS, *for respondent.*

*First.* The defendant (although a married woman), was competent to receive and convey the real estate in question the same as a *feme sole.* Acts of 1848 and 1849, for the more effectual protection of the property of married women. (*Ballin* agt. *Dillaye,* 37 *N. Y. R.* 35.)

*Second.* The power of the said acts of 1848 and 1849, enabling the wife to receive and convey real estate the same as a *feme sole,* carried with it; also, the power to charge such estate, substantially in the manner and to the extent previously authorized by the rules in equity in respect to separate estates: And the separate estate of the wife was chargeable in equity for any debt she might contract on the credit of or for the benefit of such estate.

Under the provisions of said acts of 1848 and 1849, said estate is now legally liable for such debts, and as to such estate the wife is regarded as a *feme sole.* (*Ballin* agt. *Dillaye,* 37 *N. Y. R.* 35; *Yale* agt. *Dederer,* 22 *N. Y. R.* 450; *Knolls* agt. *De Leyer,* 26 *How.* 468; *Gardner* agt. *Gardner,* 7 *Paige,* 112; *The North American Coal Co.* agt. *Dyett,* 7 *Paige,* 9.)

*Third.* The obligation which the defendant took upon

herself by the covenant to pay said mortgage was a direct benefit to her separate estate, which estate is therefore chargeable with the payment of the deficiency in question. (*Cases cited under second point.*)

1. Judge TAPPEN finds as fact, that the consideration of said covenant was a direct benefit to her separate estate.

2. In this case the obligation of the defendant by said covenant enabled her to acquire a separate estate and hold and enjoy the same, and receive the benefits and profits thereof and also enable her to subsequently sell it for $2.700, more than she paid for it. It was therefore a direct benefit to her separate estate.

(3.) In *Ballin* agt. *Dillaye* (*supra*), the judge says :

" For how can it be said that a debt contracted upon the " purchase of property which purchaser takes into possession, " and enjoys and disposes of, is not a debt contracted for the " benefit of the purchaser's estate, and her separate estate as " a whole becomes liable for any indebtedness contracted by " her for its benefit to any extent." Also, see case decided in this 2d district before Judges BROWN, LOTT and SCHRUG-HAM. (*Knolls* agt. *De Leyer*, 26 *How.* 468 ; *S. C.* 41 *Barb.* 208 ; *S. C.* 17 *Abb.* 312.)

*Fourth.* The defendant's contract being chargeable upon her separate estate, in the same manner, and to the same extent, as that of a *feme sole* (*Ballin* agt. *Dillaye, supra*), therefore, when she accepts a deed, and thereby receives the lands and benefits thereof, the terms of which deed required her to pay a mortgage subject to which the land was conveyed, her estate is liable to be charged with the payment of the mortgage when due. (*Rawson* agt. *Copland,* 2 *Sandf.* 251 ; *Halsey* agt. *Reed,* 9 *Paige,* 446 ; *Ferris* agt. *Crawford,* 2 *Den.* 599.)

*Fifth.* The infancy of the defendant was not well established.

*Sixth.* The infancy of a married woman is a question *distinct from coverture,* each must be considered by itself, neither

can derive any additional force by being coupled with the other. (*Boole* agt. *Mix*, 17 *Wend.* 119.)

*Seventh.* Covenants of this kind are only voidable not void. (2 *Kent's Com.* 234, *and cases there cited; Eagle Fire Co.* agt. *Lent,* 6 *Page,* 635; *Delano* agt. *Blake,* 11 *Wend.* 85; *Henry* agt. *Root* ,33 *N. Y. R.* 543.)

*Eighth.* In order to make such covenant void an infant must do some *positive act of disaffirmance* after he comes of age. (*Boole* agt. *Mix,* 17 *Wend.* 119; *Kline* agt. *Beebe,* 6 *Cow.* 494.)

(1.) The defendant has not done anything to indicate that she would make this covenant void, but, on the contrary, *she had positively affirmed* the same by her acts subsequent to purchase.

*Ninth.* If the defendant affirmed the deed to her *in part* she affirmed *it in the whole.* (*Lynd* agt. *Budd,* 2 *Paige,* 191.)

*Tenth.* The defendant purchased this property, and enjoyed its use, and sold it at a profit, she must be considered as having elected to confirm the contract, and she cannot afterwards avoid the payment of the consideration. (*Henry* agt. *Root,* 33 *N. Y. R.* 551.)

*Eleventh.* If the defendant desired to avoid the said contract when coming of age on the ground of infancy, she must restore the consideration and benefit she had received therefrom. She cannot have the benefit of the contract on one side without returning the equivalent on the other. (2 *Kent's Com.* 240 ; *Badger* agt. *Phinney,* 15 *Mass.* 359; *Bartholomew* agt. *Finnemore,* 17 *Barb.* 428 ; *Henry* agt. *Root,* 33 *N. Y. R.* 553; *Lynd* agt. *Budd,* 2 *Paige,* 191.; *Kitchen* agt. *Lee,* 11 *Paige,* 107.)

(1.) The plaintiff's assignor in this case parted with the premises in question to the defendant, on the condition that said premises should be subject to said mortgage, and that the defendant assumed and promised to pay the same, and thus relieving the plaintiff's assignor therefrom. The defend-

ant could not avoid her part of the contract and still retain the premises and all the profits therefrom.

*By the court*, J. F. BARNARD, J. It is now established that the contracts of an infant are voidable only and not void, and are subsisting liablities, requiring however, ratification after such infant becomes twenty-one to be enforced (*Henry* agt. *Root* 33 *N. Y. R.* 526). The defendant, while an infant, took a conveyance from Edward A. Walsh of certain lands in New York, on which there was at the time of the conveyance by Walsh to defendant, a mortgage given by Walsh to Samuel Whitehead. This mortgage was deducted from the purchase price of the land and the defendant as part of the price, agreed to pay Whitehead the amount thereof; subsequently and while still under age, the defendant conveyed the premises at a considerable advanced price to John Brouwer, deducted the same mortgage from the consideration, and Brouwer in like manner, as she had done, agreed to pay his mortgage. The mortgage was not paid and Whitehead foreclosed; Walsh defendant and Brouwer were defendants in this action. Defendant was then of full age. She appeared by attorney and put in no answer. Judgment was entered on the foreclosure suit as if she had been an adult during the whole transaction. She might have spoken; she was silent and permitted the rights of the parties to be passed upon and determined as if she was a person capable of conveying and receiving a conveyance. If there had been a surplus upon the foreclosure sale, the defendant's grantee would have been entitled to it.

If she then had repudiated her purchaase of Walsh and her sale to Brouwer, all parties were before the court and Walsh could have been protected. By her suffering the foreclosure complaint to be taken as confessed by her, she determined that the act done by her in infancy should stand; she and Brouwer were made defendants, as grantees subsequently to Whitehead's mortgage.

It is too late after she takes her chance for the surplus or permits her grantee to have a right to the surplus, as if the conveyances were good, to set up this defense of infancy to escape deficiency. The judgment should be affirmed with costs.

. LOTT, P. J., *dissenting.* The learned judge who tried this action without a jury has found as a fact, that the defendant was an infant at the time she received the deed containing the assumption and agreement on her part to pay the amount secured by the mortgage in question, and that she had not attained full age at the time of the conveyance subsequently executed and delivered by her to John Brouwer of the property covered by the mortgage, and referred to in his findings of fact. That conveyance can consequently not operate as an affirmance or satisfaction of the original assumption and agreement, and I do not find any promise, declaration or acts by her after she became of full age, by which she agreed to ratify that contract or which in any manner, import a recognation or confirmation of it. The naked fact found by the judge that she was made a party to the action for the forectosure of the mortgage and appeared therein by her attorney, that a sale was under the judgment therein for a price insufficient to pay the amount due thereon, and that the plaintiff's assignor subsequently paid the deficiency or balance that remained due in pursuance of the direction and requirement of that judgment is not sufficient. It does not appear that any answer was put in for her or that any act whatever except such appearance was done by her or her attorney in the action; nor is it found that the fact of such assumption or agreement was alleged in the complaint; and as the liability of her grantor to satisfy and discharge the deficiency arose out of his personal obligation to pay the mortgage, there was no necessitiy of setting out any of the contents of the deed made by him to her, and it will not be assumed that they were. There was therefore not even an admission by the

Flinn agt. Powers.

defendant, assuming that she suffered judgment to pass by default, of the execution and delivery of that deed to her.

Under such circumstances the defendant was not legally liable on her promise.

The judgment against her must therefore be reversed and a new trial is ordered.    Costs to abide the event.