(39 App. Div. 212.)

### McWHORTER v. STEWART.

(Supreme Court, Appellate Division, Fourth Department. March 22, 1899.)

VENDOR'S LIEN—ENFORCEMENT—PARTIES TO CONTRACT.

Where a parent sold land, and, by a separate instrument, provided that part of the consideration should be the payment of a certain sum to her child after her death, the child may enforce the vendor's lien in equity, although not a party to either instrument.

Appeal from special term, Monroe county.

Suit by Carrie Wheaton McWhorter against C. Antoinette Stewart to enforce a vendor's lien. From a judgment overruling a demurrer to the complaint, defendant appeals. Affirmed.

On the 15th day of April, 1882, one Julia Ann Wheaton conveyed her house and lot in the city of Rochester to her brother James H. Stewart, by deed which recited a consideration of $3,000. This consideration, however, has never been fully paid, but, contemporaneously with the execution and delivery of the deed, Stewart, the grantee, executed under his hand and seal and delivered to Mrs. Wheaton a life lease of the premises thus conveyed to him, in which lease he covenanted, as part consideration for such conveyance, to pay his sister the sum of $20 per month for and during the term of her natural life, and also that he would pay to the plaintiff, the adopted daughter of Mrs. Wheaton, the sum of $500, in the event that she survived her mother. Mrs. Wheaton was described in the lease as the party of the second part, but neither she nor the plaintiff signed the same. Some time after the execution of the deed and lease both Mr. Stewart and Mrs. Wheaton died; but prior to the death of the former he conveyed the premises in question to his son Frank W. Stewart, who subsequently conveyed the same to his mother, the defendant in this action. These several conveyances were made without any consideration, and merely for the purpose of transferring the title of the premises to the defendant; both she and her son being cognizant, at the time they respectively took such title, of the provision theretofore made by James H. Stewart in favor of the plaintiff. James H. Stewart died insolvent, and the plaintiff brings this action to have her claim adjudged a vendor's lien, and as such enforced against the land now owned by the defendant. To her complaint, which contains substantially the facts above stated, the defendant interposed a demurrer, and from the interlocutory judgment overruling such demurrer this appeal is brought.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, McLEN-
NAN, and SPRING, JJ.

Seldon S. Brown, for appellant.

Charles M. Williams, for respondent.

ADAMS, J.    Although the defendant alleges three several grounds
of demurrer, it was frankly conceded by her counsel upon the argu-
ment that the only one upon which he relied with any degree of con-
fidence was that which declares that the complaint does not state
facts sufficient to constitute a cause of action, and consequently the
other two grounds may be disregarded upon this review.    Briefly
stated, then, the exact issue which the case presents for our considera-
tion is this:   Can the plaintiff maintain an action to enforce a vendor's
lien upon lands which she never owned, her right to such lien being
founded upon an agreement to which she was not a party?

This precise question has not, so far as we are able to discover, been
adjudicated in this state, and consequently, in our effort to determine
the same, resort must be had in the first instance to certain recog-
nized canons of equity jurisprudence, and then, possibly, to the ad-
judications of other courts than those of our own state.    The lien
which the law implies in favor of a vendor of land for any portion of
the unpaid purchase price thereof is one which is founded in the high-
est degree upon principles of equity and justice;  and with such favor
is this right regarded by the courts that it has been held, and such
now seems to be the well-settled rule, that if, upon the conveyance of
land, any portion of the purchase price thereof remained unpaid, the
same became eo instanti, and by operation of law, a lien upon the
land, as against the grantee and subsequent purchasers with notice.
Garson v. Green, 1 Johns. Ch. 308;  Warren v. Fenn, 28 Barb. 333;
Sav. Bank v. Binghamton Trust Co., 85 Hun, 75, 32 N. Y. Supp. 657;
Seymour v. McKinstry, 106 N. Y. 230, 12 N. E. 348, and 14 N. E. 94;
Maroney v. Boyle, 141 N. Y. 462, 36 N. E. 511.    Different reasons
have been assigned by the courts for applying this rule to suit the cir-
cumstances of each individual case.    In some, its application has
been made to depend upon principles of natural equity;  in others,
upon the supposed intention of the parties to create a trust in favor
of the person entitled to the purchase money; and again upon the
general principle that equity will never leave a party remediless,
when once his right to invoke equitable principles is clearly estab-
lished (Perry v. Board, 102 N. Y. 99–105, 6 N. E. 116);  but the real
fundamental principle which underlies each and every case is that,
as between the vendor and vendee, the latter ought not, in good con-
science, to be permitted to keep the land, and not pay for it (1 Beach,
Mod. Eq. Jur. § 295, and cases cited).    In this connection it is fitting
to observe that it is the unpaid purchase money itself which creates
the lien, and that it is for that, and not necessarily because of any
agreement between the parties, that the land remains charged until
it comes into the possession of a bona fide purchaser without notice.
This being so, it would seem to matter little to whom the purchase
money is due, so long as it is in fact purchase money;  for in the ap-
plication of equitable principles regard is always had to the substan-

tive, rather than to the technical, rights and relations of the parties, and this is especially true of the enforcement of vendors' liens.

With these general principles in mind, let us glance for a moment at the salient features of this case, and see to what extent they permit the application of those principles. Upon the sale by Mrs. Wheaton to Mr. Stewart of the premises in question, she imposed as a condition of such sale, and as part consideration therefor, that the latter should pay to this plaintiff, in a certain contingency, a specified sum of money. Stewart accepted the condition, and took the property, which, inasmuch as it consists of a city house and lot, is presumably of considerable value; and the same was subsequently conveyed, without consideration, to the defendant, the wife of the original vendee, with full knowledge of the plaintiff's interest. The contingency upon which that interest depended has since arisen, and now the defendant insists that she shall be permitted to retain the land, and ignore the plaintiff's claim, for no other reason than that the latter was not a party to the agreement between Mrs. Wheaton and Mr. Stewart. Such a position is an unconscionable one, and one which a court of equity ought not to tolerate, unless compelled so to do; and we think that, within the principles which we have attempted to enunciate, whether we rest our conclusion upon the natural justice of the case, or upon the supposed intention of the parties to create a trust in favor of the plaintiff, or upon the general doctrine that equity will give a right which is equivalent to a lien when the rights of the parties can be secured in no other way, the plaintiff's claim can and ought to be sustained.

The conclusion which we have thus reached is dependent in large measure upon principle, as we intimated at the outset would be the case; but we think it can also be shown that it is by no means unsupported by authoritative precedent. In the case of Warren v. Fenn, supra, it was said that:

"The purchase money is, prima facie, a lien, and the onus lies upon the vendee, his heirs or assigns, to show to the contrary. It is superior to the lien of a prior judgment against the vendee, and holds against subsequent purchasers, who advance no new considerations. * * * It has become one of the best-established principles of natural equity, and the courts should ever be prompt to maintain it in its full vigor, that estates are to be regarded as unconscientiously obtained when the consideration is not paid. To enforce such an equity, the court began at an early day to attach to the vendee the character of a trustee by implication for the vendor, and as holding the estate by contract, to be conveyed upon payment of the consideration."

· In an early English case (Pollexfen v. Moore, 3 Atk. 273) some doubt was expressed by Lord Hardwicke whether a vendor's lien could exist in favor of a third party; but that doubt apparently exists no longer, for in that country the weight of authority is now conceded in favor of the affirmative of the proposition. Sugd. Vend. (8th Ed.) c. 19, § 23; Selby v. Selby, 4 Russ. 336; Trimmer v. Bayne, 9 Ves. 209; Mackreth v. Symmons, 15 Ves. 330; 28 Am. & Eng. Enc. Law, p. 169.

In this country an eminent writer upon the subject of Equity Jurisprudence, whose exposition of the law is generally accepted as decisive, asserts that:

"The lien of a vendor is not confined to himself alone, but in case of his death it extends to his personal representatives. It may also be enforced in favor of a third person, notwithstanding the doubts formerly expressed by Lord Hardwicke." 2 Story Eq. Jur. § 1227.

And this doctrine is also recognized and approved by a more recent writer upon the same subject, who says:

"It is the unpaid purchase money which creates the lien, and it is of no consequence to whom the money is due, so that it can be regarded in equity as purchase money." 1 Beach, Mod. Eq. Jur. § 302.

Numerous cases are cited by the last-named author in support of the view thus expressed by him, to some of which it may be well to advert in this connection. In Thompson v. Thompson, 3 Lea, 126, it was held that a third person, to whom a portion of the purchase price is to be paid by the vendee of the land, has, in the absence of an express reservation, the vendor's lien therefor. In a case decided by the supreme court of the state of Kentucky, it was held that:

. "A vendee receiving a conveyance becomes a trustee for the vendor as to the payment of the unpaid purchase money, who has a lien therefor on the land, and, if any part of the price is to be paid to a third person, the grantee is to that extent a trustee for such person, and the lien to that extent attaches to the land, which will be enforced against its author and all subsequent volunteers." Gault v. Trumbo, 56 Ky. 682.

And more recently it was said by the same court in another case that:

"As already intimated, it was not necessary that she [the plaintiff] should be a party in order to render the lien valid. It was sufficient if the lien was retained for her benefit with her knowledge and consent, and this, we think, was sufficiently shown." Mize v. Barnes, 78 Ky. 506.

But, without pursuing the discussion further, we think we have made it clear that, upon both principle and authority, the plaintiff may maintain her action, and that, with the facts alleged in her complaint conceded, she may be said to have established her claim to a vendor's lien for the unpaid purchase price of the premises in question and her right to enforce the same in the ordinary way. The interlocutory judgment appealed from should therefore be affirmed.

Interlocutory judgment affirmed, with costs, with leave to the defendant to withdraw her demurrer and answer upon payment of the costs of the demurrer and of this appeal. All concur.