BACH et al. v. KIDANSKY et al.

(Supreme Court, Appellate Division, First Department.   July 7, 1905.)

1. VENDOR AND PURCHASER—PAYMENT OF PRICE—VENDOR'S LIEN.
    Defendant agreed to purchase certain real estate from plaintiff for the
    sum of $101,000, payable $8,000 in cash, and by the assumption of certain
    mortgages for the balance.   The third mortgage on the property, which
    was for $13,000, was assigned to L., and provided that $3,000 of the prin-
    cipal should be paid when a sale of the property was made.   It was also
    secured by a collateral mortgage on other property, which provided that
    when $4,000 should be paid on account of the principal mortgage the col-
    lateral mortgage would be canceled.   The property subject to the col-
    lateral mortgage being sold at about the same time, L. refused to release
    the same on plaintiff's payment of $3,000, whereupon the purchasers of
    the property subject to the collateral mortgage paid $1,000 to plaintiff,
    which he paid to ⁴L. in order to secure the release; thus reducing such
    third mortgage to $9,000.   Held, that plaintiffs were entitled to a vendor's
    lien, as against defendants, to the extent of the $1,000 so paid.

2. SAME—DELIVERY OF DEED—WAIVER OF RIGHT.
    The vendees, though entitled to a conveyance on making their cash pay-
    ments and assuming the mortgages, were required to assume an obligation
    for $10,000 to complete their contract, with reference to the third mort-
    gage; and hence the execution and delivery of the deed by the vendors
    did not constitute a waiver of their right to demand payment of the en-
    tire purchase price, or of their lien therefor.

Appeal from Special Term, New York County.

Action by Myer Bach and others against David Kidansky and
others.   From a judgment in favor of defendants, plaintiffs appeal.
Reversed.

Argued before O'BRIEN, P. J., and HATCH, McLAUGHLIN,
PATTERSON, and INGRAHAM, JJ.

Edward W. S. Johnston, for appellants.
Manfred W. Ehrich, for respondents.

HATCH, J.   This action was brought to establish a vendor's
lien in the sum of $1,000 upon certain real property.   The facts,
save in some unimportant details, are undisputed.   On the 26th day
of October, 1903, the plaintiffs entered into a contract with the
defendants whereby they agreed to sell, and the defendants to pur-
chase, the real property known as Nos. 321, 323, and 325 Madison
street, in the borough of Manhattan; the defendants agreeing to
pay therefor the sum of $101,000, as follows:   $1,500 upon the ex-
ecution and delivery of the contract; $6,500 cash upon the delivery
of the deed, such deed to be subject to mortgages in the sum of
$93,000, as follows:   A first mortgage of $47,000 upon a portion of
the premises, and a first mortgage of $23,000 upon the remaining
portion; a second mortgage of $10,000 upon all of the premises; and
a third mortgage of $13,000 upon the entire premises.   The third
mortgage of $13,000 was held by one Schweitzer.   After the exe-
cution of the contract, but before the closing of the sale, the last-
mentioned mortgage was purchased by Flora Levy, wife of the
defendant Louis J. Levy.   This mortgage provided that $3,000 of
the principal should become due and payable when a sale of the

property was made. It was also secured by a collateral mortgage upon the premises known as Nos. 185–187 Allen street, in the borough of Manhattan, city of New York. The collateral mortgage contained a provision that, when $4,000 should have been paid on account of the principal mortgage covering the Madison street property, the collateral mortgage should be canceled. After the execution of the contract with the defendants, the plaintiffs also contracted to sell the Allen street property to Jonas Weil and Bernhard Mayer, free and clear of this collateral mortgage. On the adjourned day for closing the contract between the plaintiffs and the defendants, Levy appeared and acted for and on behalf of Flora Levy, his wife. He had with him a release of the collateral mortgage, but refused to deliver the same upon payment of $3,000 from the defendant Kidansky and the sum of $1,000 from the plaintiffs, with interest, conditioned upon his executing a writing which had been prepared and produced by counsel for the plaintiffs subrogating the plaintiffs to an interest of $1,000 in said mortgage on the premises the subject of sale between the plaintiffs and defendants. Thereupon Weil and Mayer, the plaintiffs' vendees of the Allen street property, made a check for $1,000 to the order of the plaintiffs, which was indorsed over to Mrs. Levy, and handed to her husband for her. Levy then delivered a release of the collateral mortgage. The title to the property in question was then closed by the defendants taking a deed of the same, subject to the two first mortgages of $47,000 and $23,000, the second mortgage of $10,000, and the third mortgage of $13,000, now reduced to $9,000 by payment as aforesaid, and the other payment in cash as provided for in the contract. Thereupon the plaintiffs demanded of the defendants the sum of $1,000, or that an instrument be executed to them, showing that they were subrogated to that sum in the $13,000 mortgage. Compliance with the demand was refused.

The foregoing facts are established by the undisputed testimony, either by averments and admissions in the pleadings, or by oral testimony given upon the trial. So far as the court has found facts inconsistent therewith, they are either not found in the evidence, or are against the evidence, averments, and admissions. Stripped of all verbiage, it is made to appear that the defendants have obtained title to property for which they agreed to pay in cash and by the assumption of mortgages $101,000, but in fact they have only paid and assumed to pay $100,000. The difference is represented by the $1,000 which Levy exacted as payment before he would execute a release of the collateral mortgage which he then controlled. The defendants therefore have never paid the whole of the purchase price in manner as provided in the contract. This they were obligated to do in order to consummate and carry out their contract of sale. The failure to pay this sum gave the plaintiffs a direct interest in the property, as such payment was essential in order to protect their property rights, and equitable rules may be invoked for their protection. Koehler v. Hughes, 148 N. Y. 507, 42 N. E. 1051. The $1,000 exacted by Levy and paid by the plaintiffs was essentially a part of the purchase price, which the defend-

ants were bound to pay; and, they not having paid it, the plaintiffs, under well-settled principles, become entitled to a vendors' lien. McWhorter v. Stewart, 39 App. Div. 212, 57 N. Y. Supp. 137.

The execution and delivery of the deed to the defendants did not waive the right of the plaintiffs to demand payment of the entire purchase price. Maroney v. Boyle, 141 N. Y. 462, 36 N. E. 511, 38 Am. St. Rep. 821; Binghamton Savings Bank v. Binghamton Trust Co., 85 Hun, 75, 32 N. Y. Supp. 657. In no wise did this change the terms of the contract of sale. The defendants doubtless had the right to have the conveyance made to them upon making their cash payments and assuming the mortgages, but by the terms of the contract they became obligated to assume a $13,000 mortgage; but, as the matter now stands, they have assumed an obligation for only $9,000, where they should have assumed, in order to complete the contract, an obligation for $10,000. It is not essential now to determine whether the plaintiffs have a remedy by subrogation or not. It is enough to say that they are entitled to the remedy which they have pursued.

The judgment should therefore be reversed and a new trial granted, with costs to the appellants to abide the event. All concur.