EVERETT C. LELAND, Plaintiff, *v.* WILLIAM H. BROWN and Others, Defendants.

Supreme Court, Madison County, April 2, 1930.

*William L. Burke*, for the plaintiff.

*Ralph W. France*, for the defendant Flora Brown.

SENN, J. Bert H. Brown was the owner of premises at Hamilton, N. Y., which by deed dated October 7, 1926, he conveyed to the defendants William H. Brown and Flora Brown, his wife, thus constituting them tenants by the entirety. At the same time he received back a mortgage of $775 incumbering the premises sold for the balance of the purchase price. This was executed by William H. Brown alone, his wife not signing or joining in its execution in any form. The deed and mortgage were executed as one transaction and practically simultaneous, each being dated October 7, 1926, and acknowledged before J. J. Taylor, notary public, on October 9, 1926. The defendant Flora Brown probably was not present. The defendant William H. Brown testified that he was told by both the notary public (J. J. Taylor) and by Bert Brown, the grantor, that it was not necessary for the wife to sign a purchase-price mortgage.

The total purchase price was $3,000, of which $2,225 was paid down by the defendant William H. Brown, but he testified that of this amount his wife contributed $800 which she had let him have for that purpose.

The mortgage in question recites: " This is a ' purchase price mortgage,' so called, it being given in part payment for the premises herein described, conveyed this day to the said William H. Brown by Bert Brown and Nellie Brown, his wife, deed dated October 7, 1926, not yet recorded."

It is noted that in the mortgage Flora Brown is not mentioned as a grantee. The mortgage was recorded on November 29, 1926, but the deed was not recorded until October 20, 1928, two years after its execution.

On March 25, 1927, the mortgage was duly assigned to Everett C. Leland, the plaintiff, who has succeeded to all the rights of Bert Brown, the mortgagor, and brings this action to foreclose the mortgage as against both William H. Brown and Flora Brown. The latter defends on the ground that she and William H. Brown, being tenants by the entirety, neither could mortgage the premises

without the other joining in the mortgage, so that as to her, at least, the mortgage is a nullity.

As a general proposition this contention would necessarily be true. It is elementary and too well settled to require the citation of authorities, or even discussion, that such an estate is inconsistent with the right of either party to sell, lease or incumber the property so held without the concurrence of the other. The estate is based on the oneness of husband and wife and is, therefore, indivisible. They do not take or hold by moieties, but both are seized of the entirety. After the estate is created neither can, without the other, do any act to affect or diminish it.

But here we have a mortgage whose very inception is concurrent with and a part of the act which created the entirety estate. The deed and mortgage constitute a single transaction, as much as though they had both been written into one document, and it is difficult to see how Mrs. Brown can claim the benefits conferred and refuse to be bound by the conditions imposed.

Those who advised that Mrs. Brown's signature was not necessary probably had in mind the rule as to dower. (Real Prop. Law, § 193.) While that statute does not cover this case the reason of the rule may throw some light here.

Before the statute it was held that where a husband purchased land and gave back a mortgage for the purchase price, his wife was not entitled to dower as against the mortgagee or his assigns (*Stow* v. *Tifft*, 15 Johns. 458), the reason being that in such case the seizing of the land is but for an instant in the grantee and is immediately revested, to the extent of the mortgage, in the grantor. " Where two instruments are executed at the same time, between the same parties, relative to the same subject matter, they are to be taken in connection, as forming together the several parts of one agreement." (Id. 463.) Therefore, the deed and the mortgage " are to be considered as parts of the same contract, as taking effect at the same instant and as constituting but one act." (Id.) (See, also, *Rawson* v. *Lampman*, 5 N. Y. 456; *Coman* v. *Lakey*, 80 id. 345.) In short, such a conveyance is on condition that the mortgage be paid.

It seems to me that by like reasoning William H. Brown and his wife received no greater interest or title in the premises conveyed than was conveyed by the terms of the combined deed and mortgage. As to this, it can make no difference whether Flora Brown was an active or passive party to the transaction, that is, whether she was in fact one of the purchasers from Bert Brown or whether she merely became vested through the voluntary act of her husband in having her made a tenant by the entirety with him. If the former,

she is chargeable with knowledge that $775 of the purchase price was unpaid and to have consented to the mortgage; in the latter case, she would receive no more than was voluntarily bestowed, which was an estate subject to a mortgage.

" The theory of the peculiar and superior lien of a purchase-money mortgage is, *first*, that it is equitable that the premises purchased should be the primary security for the payment of its own purchase price; and *second*, that the deed of conveyance and mortgage to secure the purchase price are each regarded as part and parcel of the same transaction and that no interval of time elapses between the giving of the deed and the giving of the mortgage during which any other claim or right can intervene and attach to the property." (*Fern* v. *Osterhout*, 11 App. Div. 319.)

In the light of the foregoing authorities and the reasoning used I am satisfied that the mortgage in question is good as against both William H. Brown and Flora Brown, his wife.

This is especially so in view of the fact that if there had been no mortgage at all, the plaintiff would have an equitable lien on the premises for the unpaid purchase price even though the husband, as here, gave his personal obligation to pay it. (*Warner* v. *Van Alstyne*, 3 Paige, 513.)

There are numerous cases holding that as between vendor and purchaser, the former has a lien for the unpaid purchase price. (*Warren* v. *Fenn*, 28 Barb. 333; *Perry* v. *Board of Missions*, 102 N. Y. 99; *McWhorter* v. *Stewart*, 39 App. Div. 212.)

" The real fundamental principle which underlies each and every case is that as between the vendor and vendee, the latter ought not, in good conscience, to be permitted to keep the land and not pay for it." (*McWhorter* v. *Stewart, supra.*)

I hold that the mortgage is valid as against both defendants, William H. Brown and Flora Brown, and that the plaintiff is entitled to the relief demanded in the complaint.

In addition, and independent of the mortgage, he has an equitable lien against the premises conveyed for the unpaid portion of the purchase price.

Submit findings accordingly.