Hill, J.
This is an action to foreclose a mortgage. Plaintiff is an assignee of the original mortgagee. It is alleged that the mortgage is a purchase-money mortgage, the funds having been used by the mortgagors to purchase the property from a development corporation.
The mortgagors are husband and wife and own the premises as tenants by the entirety. The wife is an infant and executed the bond and mortgage without any judicial proceeding. A guardian ad litem has been appointed to represent her in the action and has asserted , an affirmative defense to the action asserting that the execution of the bond and mortgage is voidable as to defendant wife by virtue of her infancy.
The husband defendant has been personally served and has defaulted in appearance. Plaintiff now moves for summary judgment against the defendant wife.
Plaintiff has submitted only one case in support of its motion (Leland v. Brown, 136 Misc. 493) where foreclosure was permitted on a purchase-money mortgage given only by a husband where the premises were owned as tenants by the entirety. In that case, the wife signed neither the bond nor mortgage but foreclosure was permitted because that purchase-money mortgage and the deed were viewed as one transaction. A further factor involved concerned the recording of the deed two years *696 after delivery and after the plaintiff had taken an assignment of the mortgage. Most important, however, the wife in that case was not an infant.
No cases have been submitted, and research has revealed none, where foreclosure has been permitted against an infant mortgagor, during infancy, who has a right to disaffirm the contract.
A mortgage executed by an infant is not void but merely voidable at his election (Walsh v. Powers, 43 N. Y. 23; Henry v. Root, 33 N. Y. 526). And if within a reasonable time after attaining majority, the infant has committed some act clearly showing his intention not to be bound by the mortgage, the plea of infancy will constitute a good defense to the foreclosure of the mortgage (Flynn v. Powers, 35 How. Prac. 279, affd. 36 How. Prac. 289). The infant is not estopped from insisting upon his defense, even though he himself falsely stated that he was over twenty-one years of age (New York Bldg. Loan Banking Co. v. Fisher, 23 App. Div. 363).
Of course, after reaching majority the infant can ratify the contract but the burden of proof rests upon the party seeking to enforce the contract (Kane v. Kane, 13 App. Div. 544).
It has been held that where the infant has spent the money received as consideration for his mortgage, he may on reaching majority disaffirm without tendering back the consideration (Kane v. Kane, supra). This does not appear to be the situation as to purchase-money mortgages, however, where the infant is generally required to relinquish the land to his grantor, on the return to him of the money paid at the time the contract was entered into. (See Henry v. Root, 33 N. Y. 526, supra.)
On this motion it appears that the infant has not reached her majority, and, therefore, has neither ratified nor confirmed her contract. Presumably she still has the right to disaffirm; this must be viewed as an important right to her especially if a deficiency judgment is sought against her.
A further conflicting factor is that her grantor is not a party to this action since it did not, in fact, provide the purchase money and presumably has no interest in having the property returned to it.
The motion, therefore, is denied without prejudice however to a renewal, or application for other relief, on a showing that the infant, upon reaching her majority has ratified her contract.
Settle order.