JOHN MARONEY et al., Appellants, *v.* MARGARET BOYLE et al., Impleaded, etc., Respondents.

A grantor of land does not waive his equitable lien for unpaid purchase money by taking the promissory note of the grantee therefor, although in taking it he relies upon the solvency and financial ability of the grantee to pay the note, and does not have in contemplation the enforcement of the lien; he retains it, unless he expressly and consciously relinquishes it.

The lien is valid against one who takes a conveyance from the grantee with knowledge of the existence of the claim for the unpaid purchase money.

This equitable lien, however, will not prevail against one without notice thereof, who takes an incumbrance on the land, an interest therein or a conveyance thereof, in good faith and for a valuable consideration.

A purchaser on sale of land on execution, having paid the purchase price, and received the sheriff's certificate of sale, after obtaining the sheriff's deed is in the same position as if the deed had been executed by the judgment debtor when the judgment was docketed, and while holding the certificate he is to be regarded the same as if the debtor had at the time of docketing the judgment executed a contract of sale and received the full purchase price.

Such a purchaser, therefore, is entitled to protection against an outstanding and unknown lien for purchase money in favor of a former grantor.

Where, therefore, in an action by a grantor to enforce a lien for unpaid purchase money, it appeared that defendant D. purchased the land on sale under an execution against one who at the time of the rendition of the judgments held the title under a deed from plaintiffs' grantee; that D. purchased in good faith without notice of plaintiffs' lien, and paid the purchase price in full; that at the time of the commencement of the action he held the sheriff's certificate of sale, *held*, that the lien was not enforcible; also, that the rights of D. were not affected by the fact that the purchase price paid by him was small.

(Argued February 9, 1894; decided February 27, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made January 22, 1892, which affirmed a judgment in favor of defendants entered upon a decision of the court on trial at Special Term dismissing the complaint.

This action was brought to enforce the equitable lien of the plaintiffs for the purchase money of land conveyed by them to the defendant Margaret Boyle.

The facts found at the Special Term are substantially as follows: That on the 20th day of August, 1887, the plaintiffs were the owners of the land described in the complaint, and on that day for a valuable consideration they sold and conveyed the land to the defendant Margaret Boyle, who then paid to them $500 of the purchase money, and gave to the plaintiff John Maroney her individual promissory note to secure the payment of the sum of $2,000, the balance of the purchase money; that at the same time the plaintiffs waived

whatever equitable lien they had upon the land for purchase
money ; that Margaret Boyle was financially solvent and the
estate of Peter Boyle, deceased, the husband of Margaret
Boyle, was also solvent, and the plaintiffs in making the deed
and accepting the note relied upon the individual responsi-
bility of Margaret Boyle ; that immediately after the delivery
of the deed and note Margaret Boyle entered into possession
of the land, and on or about the 18th day of September, 1887,
she, for the consideration of $2,000, executed to the defendant
Edward D. Boyle a deed conveying the land to him ; that
immediately thereafter Edward entered into the possession of
the land, and has ever since remained in the possession thereof ;
that in the months of March and April, 1888, he paid to the
plaintiffs $500 in money to apply both on the purchase money
of the land due from him to Margaret Boyle, and upon the
purchase money thereof due from her to the plaintiffs, and
about the same time he fully paid to her, out of his distributive
share of his father's estate, the balance of the purchase money ;
that in purchasing the land and paying for the same Edward
relied upon the belief and fact that the plaintiffs had waived
their equitable lien thereon for purchase money ; that at the
time of his purchase Edward was financially solvent, but
about the month of October, 1888, he became insolvent ; that by
reason of indorsing the notes of Edward his mother also became
insolvent and unable to pay the note held by John Maroney ;
that during the months of October, November and December,
1888, and January and February, 1889, ten judgments were
recovered against Edward D. Boyle and docketed in the office
of the clerk of the county of Cattaraugus, and became liens
upon his real property situated in Cattaraugus county, which
judgments amounted in all to upwards of $3,000 ; that about
the months of April and May, 1889, and before the commence-
ment of this action, the defendant Frank W. Davis purchased
the several judgments from the plaintiffs in and owners thereof,
and paid to them the full amounts thereof in money, and
received from them written assignments thereof, whereby he
became and still is the owner of the same, except judgments so

recovered by one Barry, by the First National Bank of Sala-
manca and by two other persons; that Barry refused to sell
his judgment to Davis and caused an execution thereon to be
issued to the sheriff by virtue of which, after due notice of sale,
he, on the 20th day of April, 1889, sold the land at public auction
to Davis for the sum of $86.12, and thereupon executed to him
his written certificate of sale in the form required by law, and
Davis immediately paid the purchase price; that Davis never
had any notice until after he had purchased the judgments and
received the sheriff's certificate of sale and had fully paid for
the same, that the plaintiffs ever had any lien upon or interest
in the land since they conveyed the same to Margaret Boyle;
that the First National Bank of Salamanca caused executions
upon its two judgments to be duly issued to the sheriff, who,
by virtue thereof, and pursuant to due notice of sale, did, on
the 27th day of May, 1889, sell the land to the defendant
Charles I. Baker, at public auction, for the sum of $950,
which Baker then paid to him, and thereupon the sheriff
executed and delivered to him his certificate of sale thereof in
the form required by law; that Baker never had any notice
until after he had purchased the land, paid the $950 and
received the certificate, that the plaintiffs, or either of them, ever
had any lien upon or interest in the land; that at the time the
plaintiffs sold and conveyed the land to Margaret Boyle, and
received her note, they believed and relied upon the then sup-
posed fact that the note was, in effect, the note of Margaret
Boyle, in her capacity of administratrix of the estate of Peter
Boyle, effectual to bind that estate for its payment, and not
her individual obligation.

And the court dismissed the complaint as to the defendants
Margaret Boyle, Baker and Davis, who alone appear to have
defended the action, and ordered judgment to that effect.
The plaintiffs appealed to the General Term and then to this
court.

*C. S. Cary* for appellants. Ample foundation for a vendor's
equitable lien is established by the undisputed evidence. (2

Story's Eq. Juris. §§ 1217, 1218, 1219; 1 id. §§ 788, 789; *Garson* v. *Green,* 1 Johns. Ch. 308; *Champion* v. *Brown,* 6 id. 398; *Shirley* v. *Shirley,* 2 Edw. Ch. 505.) There was no waiver. (2 Story's Eq. Juris. § 1226; *Hallock* v. *Smith,* 3 Barb. 267.) This lien prevails against the assignee of the vendee and against the judgment creditor. (*Dusenbury* v. *Hurlbut,* 59 N. Y. 511; *Seymour* v. *McKinstry,* 106 id. 230; Story's Eq. Juris. § 1228; *In re Howe,* 1 Paige Ch. 124; *Arnold* v. *Patrick,* 6 id. 310; *Lamberton* v. *Vorhees,* 15 Hun, 336; 2 Pom. Eq. Juris. 177.) There was sufficient notice to Baker & Davis. (Story's Eq. Juris. §§ 400, 408.)

*E. D. Northrup* for respondents. Only one exception was taken in the case, and that, if error at all, was a harmless one. It would not even in an action at law be any grounds for the reversal of a judgment. The witness Edward D. Boyle had just testified without objection that he had purchased the premises for $2,000, and was allowed to further testify that the premises were then worth about that sum. (*People* v. *Gonzales,* 35 N. Y. 49; *Forest* v. *Forest,* 25 id. 510; *Kelsey* v. *Cooley,* 11 N. Y. Supp. 746; *McSorley* v. *Hughes,* 12 id. 179; *Taylor* v. *Taylor,* 13 id. 56; *Hardy* v. *N. Y. C. & H. R. R. R. Co.,* 12 id. 55; *Rockwell* v. *Hurst,* 13 id. 291; *Doyle* v. *Beaupre,* 17 id. 287, 288.) Plaintiffs, by numerous acts, impliedly and also expressly waived their lien. (*Fish* v. *Howland,* 1 Paige, 20; *Brown* v. *Gillman,* 4 Wheat. 255; *Bailey* v. *Greenleaf,* 7 id. 46; *Mackreth* v. *Symmons,* 15 Ves. 329; *White* v. *Williams,* 1 Paige, 502; *Miles* v. *D. F. Co.,* 125 N. Y. 294.) But large equitable rights of subsequent *bona fide* purchasers have also intervened. The defendant Frank W. Davis, subsequently to the plaintiffs' sale of the property, purchased the land at sheriff's sale in good faith and without notice that they claimed any lien upon it, and in connection therewith purchased judgments that are liens thereon, in all paying about $1,200. His equity deserves the highest consideration in this court, and his purchase should be held superior in right to the assumed

lien of the plaintiffs. (*Burlingame* v. *Robbins*, 21 Barb. 327; *Clark* v. *McNeal*, 114 N. Y. 287, 295; *Jackson* v. *Dubois*, 4 Johns. 216; *Jackson* v. *Chamberlain*, 8 Wend. 620; *Hetzel* v. *Barber*, 69 N. Y. 10; *Wood* v. *Chapin*, 13 id. 509.) While defendant Frank W. Davis holds priority of lien by virtue of his said purchase at the sheriff's sale, it also seems plainly to appear that the said judgments which he purchased have, in his hands, priority over any claim of the plaintiffs. (*Spring* v. *Short*, 90 N. Y. 542, 543; *Fisk* v. *Potter*, 2 Keyes, 64; *Hulett* v. *Whipple*, 58 Barb. 224; *Bailey* v. *Greenleaf*, 7 Wheat. 46.)

EARL, J. When Edward D. Boyle took his deed he had notice of the plaintiffs' claim for unpaid purchase money, and, therefore, he did not acquire a better position than his grantor had. We think there can be no doubt that, as against him and his grantor, the plaintiffs had and retained their equitable lien. They took the promissory note of their grantee for the balance of the purchase money. It was not taken as payment, but simply as evidence of the amount due and the time and mode of payment. It has been many times held that the grantor does not waive his equitable lien for the purchase money by simply taking the individual note, bond or covenant of the grantee. He may rely in taking such an individual obligation upon the solvency and financial ability of the grantee, and he may not know that he has any lien upon the land, or actually rely upon any lien, and he may not have in contemplation the enforcement of the lien at any time, and yet, unless in such a case he expressly and consciously waives his lien, he retains it. If, however, he takes any security for the purchase money, as a mortgage upon the same or other property, or the note or other obligation of a third party, he will be held to have waived his purchase-money lien, unless he has in some way expressly retained it. (2 Story's Eq. Jur. §§ 1217, *et seq.*; 4 Kent's Com. 152; 3 Pomeroy's Eq. Jur. §§ 1249, *et seq.*; *Mackreth* v. *Symmons*, 15 Ves. 329; *Bailey* v. *Greenleaf*, 7 Wheat. 46; *Garson* v. *Green*, 1 John. Ch.

308; *Champion* v. *Brown*, 6 id. 398; *Shirley* v. *Sugar Refinery*, 2 Ed. Ch. 505; *Hulett* v. *Whipple*, 58 Barb. 224; *Hallock* v. *Smith*, 3 id. 267; *Vail* v. *Foster*, 4 N. Y. 312; *Seymour* v. *McKinstry*, 106 id. 230.)

We find in this record no evidence whatever sufficient in law to show a waiver of their lien by the plaintiffs. It is quite true that they relied upon the personal responsibility of their grantee. That is always so when the grantor takes the mere personal obligation of the grantee for the purchase money of land sold, and yet it has never been held that the personal obligation of the grantee thus taken deprives the grantor of his lien.

The counsel for the respondents makes much of the fact that the note was signed by Mrs. Boyle, attaching to her name "administratrix to the estate of Peter Boyle, deceased." The deed ran to her by the same description, and she deeded to her son by the same description. She, nevertheless, whatever may have been supposed at the time, took the deed in her own right, and the note was her personal obligation, and all the plaintiffs got, or intended to get, was the obligation of the real grantee.

We, therefore, think the learned trial judge erred in his finding of fact that the plaintiffs had, either as to Margaret Boyle or her son, waived their lien for the purchase money by anything which took place at the time of their conveyance of the land. But this error was harmless, as the defendant Davis purchased the land under such circumstances that he has protection against the lien. He purchased the land at the sheriff's sale without any notice of the plaintiffs' lien, and he paid to the sheriff the amount of his bid in money. He took the sheriff's certificate of sale, and since the trial of this action he has received the sheriff's deed, as we are now informed by the production thereof upon the argument here. We will, however, ignore the deed, and treat the case as if Davis held only the certificate.

The examination of many authorities shows that the vendor's lien is not now a favorite with courts of equity, and that

it has many times been enforced with reluctance and misgivings. Equity judges have found it difficult to find any justifiable basis for it to rest on, and they have differed as to the grounds and reasons for its introduction into the equity jurisprudence of England and of this country. It has been repudiated in some of the states by the courts, and in others, it has been abrogated by legislative enactments. It is against the general policy of our law, which looks with disfavor upon secret interests in real estate, and requires generally that titles to real estate shall be created by some writings which shall be spread upon the public records for the protection of those who might trust to titles apparently sound but afflicted with secret infirmities. It generally gives way to a legal interest or to a superior equity, and as it is a matter of purely equitable cognizance it should never be enforced when it would be inequitable to do so. Hence, it is never allowed to prevail against one who takes an incumbrance upon the land, or an interest therein, or a conveyance thereof, in good faith without notice of the lien and for a valuable consideration parted with before such notice.

Now, what is the status of Davis holding the sheriff's certificate of sale? Why should he not be protected? Such a purchaser, after he obtains the sheriff's deed, is in the same position as he would have been if the deed had been executed by the judgment debtor at the time the judgment was docketed. In *Hetzel* v. *Barber* (69 N. Y. 1) we said: " A sheriff's deed, given in pursuance of a judgment and a sale upon execution, is treated as if given by the judgment debtor himself. It conveys precisely what he could have conveyed when the judgment was docketed. The sheriff, by authority of law, takes his property and conveys it to satisfy his debt, and the transfer is the same as if the sheriff had in fact acted as the authorized attorney of the debtor. The grantee in such cases holds not under the sheriff, but under the debtor, and the deed, when recorded, is protected by and has the benefit of the Recording Act." (See, also, Freeman on Judgments, §§ 366, 366*a*.) Therefore, if Davis had taken the sheriff's deed

before the trial of this action, he would have had the same protection against the plaintiff's lien as he would have had if he had in good faith and for money paid taken a deed from Mrs. Boyle or her son. But the mere fact that he did not then have the deed can make no difference. The sheriff's certificate must be regarded the same as if at the time of docketing the judgment the debtor had executed a contract of sale embodying the same terms, and had received the full purchase price. The debtor would in that event have held the legal title of the land as trustee for the purchaser. The title of the purchaser would have been contingent and conditional on account of the right of redemption existing in the debtor and his creditors. But, nevertheless, he would have become the purchaser of just such a right and interest as he bargained for and paid to obtain, and he would have had protection against any outstanding secret and unknown lien for the purchase price. We think it is, therefore, clear that by his purchase of the land at the sheriff's sale, and full payment of the purchase price, Davis obtained protection against the plaintiff's lien.

We cannot hold that, as matter of law, there was anything to give Davis constructive notice of plaintiffs' lien. The form of the deeds to Mrs. Boyle and to her son, and the fact that the deed to the son was not recorded, are of no significance upon the question of notice. They do not suggest the non-payment of the purchase price to the plaintiffs, or the existence of their lien. The rights of Davis are not affected by the small amount of the purchase price. There was one judgment anterior to that under which he purchased, and he held several junior judgments, and the whole situation must be taken into account in considering the price paid. It is a significant fact that the interest he purchased was not considered sufficiently valuable to induce any one to redeem from him. Even if he made a good bargain he was entitled to the benefit of it.

The equities of the plaintiffs are not enlarged because Davis made the purchase, expecting thereby in some way to benefit or protect the family of Peter Boyle deceased. His

1894.]        People ex rel. E. E. I. Co. v. Wemple.        471

N. Y. Rep.]                    Statement of case.

position and rights would be the same if he only held the land as security.

To the suggestion made by the learned counsel for the plaintiffs that they could in some way be subrogated to the rights of Davis by payment to him of the amount paid by him, or have the right by the judgment in this action to redeem from him, or that he should be turned over to other property of the judgment debtor for his reimbursement, the plain answer is that the complaint was not framed for such relief, the action was not tried with the view to such relief, and there are no findings or exceptions which present the matter for our consideration.

The defendant Baker appears to have the same defense to the action which Davis has. But we have paid no attention to him as his answer to the complaint does not appear in the record; he was not made a respondent upon this appeal and no one appeared for him upon the argument before us.

Our conclusion, therefore, is that the judgment should be affirmed, with costs.

All concur.

Judgment affirmed. _____