PHILO C. HUBBELL, Appellant, v. NELLIE HENRICKSON, Respondent, Impleaded with Others.

1. VENDOR AND PURCHASER — WHEN VENDOR HAS A LIEN FOR PURCHASE PRICE. Where a vendor delivers possession of premises under an agreement by the vendee to pay the purchase price, the vendor has a lien upon the land for the amount thereof.

2. SAME — WHERE MORTGAGE BY VENDEE BECOMES SUPERIOR TO VENDOR'S LIEN, VENDOR IS ENTITLED TO PERSONAL JUDGMENT THERE-FOR AGAINST VENDEE. Where the vendee subsequently mortgages the property to secure a loan, the proceeds of which she applies to her own use, she is personally liable to the vendor for the amount, if it appears that the mortgagee had no notice of the vendor's lien, since the mortgage lien would be superior thereto, and to that extent it would be impaired.

*Hubbell* v. *Henrickson*, 73 App. Div. 620, reversed.

(Submitted May 7, 1903; decided May 19, 1903.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered June 4, 1902, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*G. W. Driscoll* and *Basil B. Aylesworth* for appellant. The plaintiff established his right to a vendor's lien and to a judgment enforcing the application upon the purchase price of the proceeds of the incumbrance placed by the defendant upon the property. (*Maroney* v. *Boyle,* 141 N. Y. 462; *Seymour* v. *McKinstry,* 106 N. Y. 230; *Benedict* v. *Benedict,* 85 N. Y. 625; *McWhorter* v. *Stewart,* 39 App. Div. 212; *Payne* v. *Wilson,* 74 N. Y. 348; Bigelow on Equity, 87; *Shirley* v. *Sugar Refinery,* 2 Edw. Ch. 505; Story's Eq. Juris. §§ 1212, 1218; *DuBois* v. *Hall,* 43 Barb. 26; *Binghamton Bank* v. *B. T. Co.,* 85 Hun, 75.) A court of equity, having acquired jurisdiction to establish the lien, will retain the cause to prevent a multiplicity of suits, and will render a personal judgment against the defendant for the amount of the proceeds of the mortgage as for money had and received to the plaintiff's use. (*Hovey* v. *Elliott,* 118 N. Y. 124; *Roberts* v. *Ely,* 113 N. Y. 128; *Weston* v. *Brown,* 158 N. Y. 360; 2 Story's Eq. Juris. §§ 1255, 1256; *McGean* v. *M. E. R. Co.,* 133 N. Y. 9; *Lynch* v. *M. E. R. Co.,* 129 N. Y. 274; 1 Pom. Eq. Juris. § 181; Eaton on Equity, 39; *Hovey* v. *Elliott,* 118 N. Y. 124; *Van Rensselaer* v. *Van Rensselaer,* 113 N. Y. 207; *Rogers* v. *N. Y. & T. L. Co.,* 134 N. Y. 197; *Valentine* v. *Richardt,* 126 N. Y. 272; *C. P. P. Co.* v. *Damon,* 48 Hun, 510: *Webb* v. *Staves,* 1 App. Div. 145.)

*G. W. O'Brien* for respondent. A vendor's lien in real estate can be had for unpaid purchase money only, and as plaintiff failed to show that the conveyance to defendant was for a money consideration, he did not establish his right to a vendor's lien, and the fact that defendant placed a mortgage on the land in question, after it was conveyed to her, does not alter the situation of the parties. (*McKillip* v. *McKillip,* 8 Barb. 560; *Camp* v. *Gifford,* 67 Barb. 438; 28 Am. & Eng. Ency. of Law, 167; 2 Beach Mod. Eq. Juris. §§ 302, 303; *Reynolds* v. *C. Nat. Bank,* 71 Hun, 386; *Tebo* v. *Robinson,* 100 N. Y. 27; *Hovey* v. *Elliott,* 118 N. Y. 124; *Borst* v. *Corey,* 15 N. Y. 505.) The plaintiff did not prove that any

sum was due under the alleged agreement of December 13, 1897, and the construction given to it by the trial court was correct and proper. (*Hibbard* v. *Haughian*, 70 N. Y. 54; *Cole* v. *Saxley*, 3 Esp. [N. P.] 159; *Davis* v. *Smith*, 4 Esp. [N. P.] 36; *Bestford* v. *Saunders*, 2 H. Black. 116; *Tebo* v. *Robinson*, 100 N. Y. 27; *Scouton* v. *Eislad*, 7 Johns. 36; *Work* v. *Beach*, 13 N. Y. Supp. 678; *Blodgett* v. *Hall*, 11 Misc. Rep. 630; *Ingersoll* v. *Rhodes*, H. & D. 371; *Borst* v. *Corey*, 15 N. Y. 505; 1 Beach on Mod. Eq. Juris. § 317; *W. L. Co.* v. *Hahlo*, 105 N. Y. 234.)

Martin, J. The purpose of this action was to establish and charge upon the premises described in the complaint a vendor's lien for the amount of the consideration or purchase price agreed to be paid therefor by the defendant Henrickson. On the thirty-first of December, 1897, the plaintiff was the owner of the premises in question. On that day he duly conveyed them to the defendant named, by quitclaim deed. At the same time she entered into an agreement with the plaintiff under her hand and seal whereby, in consideration of such conveyance, she agreed to pay the plaintiff therefor the sum of three thousand three hundred dollars as follows: "The party of the first part (the defendant Henrickson) shall pay such portion of said sum annually as she is able to pay; also to pay a mortgage on said premises amounting to $500, which sum shall be deducted from the purchase price hereinbefore specified."

Upon the trial the plaintiff sought to establish as a fact that he was induced to enter into the foregoing arrangement by the fraud of the defendant in falsely representing her ability to pay such consideration. On the other hand she claimed and attempted to show that the transaction was entirely different from that indicated by the written evidence thereof; that the transfer to her was in fact a conveyance of the premises to her in trust for the benefit of her mother to whom the plaintiff was then engaged to be married, and that her written agreement to pay the consideration in the manner therein specified

was a mere blind and never intended to be enforced. The learned trial judge, after hearing and considering all the evidence, reached the conclusion that none of the oral evidence as to the transaction leading up to the execution of the deed and written agreement, or as to what transpired at the time they were made, was credible or entitled to be considered in determining the case. That the trial judge was fully justified in disregarding the oral evidence, by which the parties sought to establish their respective claims, we have no doubt.

Thus we are led to inquire whether, upon the evidence in the record, independent of that disregarded by the trial court, its decision can be sustained. The determination of that question involves the consideration of the facts established by the written or record evidence. An examination of that class of proof discloses that the plaintiff conveyed the premises in question to the defendant, and that she agreed to pay as the purchase price thereof thirty-three hundred dollars by paying such portion thereof annually as she was able. It also appeared that she subsequently mortgaged the premises to secure the sum of one thousand dollars obtained from the mortgagee, which she did not apply to the payment of the purchase price, but employed to pay her own and her mother's debts. The question presented upon this appeal is whether, under these facts which were conclusively established, the plaintiff had a vendor's lien for the purchase price which he was entitled to have charged upon the premises to secure its payment. That where a vendor delivers possession of an estate in land to a vendee without receiving the purchase price, equity gives the vendor a lien upon the land therefor, although there was no special agreement for that purpose, has been too long and too firmly established to require discussion as to the reason of the rule, or to require any extensive review of the authorities affirming that principle. As early as 1814 this doctrine was recognized and established by the Court of Chancery in *Garson* v. *Green* (1 Johns. Ch. 308). It was there held that a vendor has a lien on the estate sold, for the purchase money, while the estate is in the hands of the

vendee, where there is no contract, express or implied, that the lien was not intended to be reserved. *Prima facie* the purchase money is a lien, and it rests upon the vendee to show the contrary. The death of the vendee does not alter or defeat the lien, nor does the taking of a promissory note affect it. If a part be paid, the lien is good for the residue, and the vendee is a trustee for that which remains unpaid. This decision has been followed in a long line of cases in this state, and the principle laid down must be regarded as conclusively settled. Among the many cases recognizing and affirming the doctrine of that case, the following may be cited: *Fish* v. *Howland* (1 Paige, 20); *Warner* v. *Van Alstyne* (3 Paige, 513); *Ten Eick* v. *Simpson* (1 Sand. Ch. 244); *Warren* v. *Fenn* (28 Barb. 333); *Hare* v. *Van Deusen* (32 Barb. 92); *Dubois* v. *Hull* (43 Barb. 26); *Hulett* v. *Whipple* (58 Barb. 224); *Camp* v. *Gifford* (67 Barb. 434); *Walrath* v. *Abbott* (75 Hun, 445, 454); *Chase* v. *Peck* (21 N. Y. 581); *Fisk* v. *Potter* (2 Keyes, 64); *Benedict* v. *Benedict* (85 N. Y. 625); *Maroney* v. *Boyle* (141 N. Y. 462).

It follows, therefore, that upon the facts which the trial court regarded as conclusively established, the plaintiff possessed a vendor's lien upon the premises for the unpaid purchase money and was entitled to have it adjudged a charge thereon to secure its payment according to the terms of the defendant's agreement. That relief was denied and the complaint dismissed. This constituted an error for which the judgment of the trial court should be reversed.

We might refrain from any further discussion of the case, but for the fact that there is another question that may arise upon a retrial, as to which there was a divergence of opinion in the court below. As we have already seen, the defendant has executed a mortgage upon the premises, which, if taken by the mortgagee without notice of the plaintiff's lien, has created a superior lien thereon, and to that extent impaired and destroyed the plaintiff's lien as such vendor. Under such circumstances we think the defendant would be personally liable for the amount thus received, upon the ground that she

should have paid the same to the plaintiff under her agreement and also upon the principle that she held the premises as trustee for the vendor to secure the payment of the purchase price, and when she received the money the mortgage was given to secure, it was, while in her hands, impressed with the same trust as rested upon the land, and if it remained in her possession and could be identified it could be followed and she required to pay it over to the plaintiff upon his lien. She, however, dissipated the fund by paying her own and her mother's debts. In so doing she was guilty of a breach of her trust and liable to account to the plaintiff for the value of his lien so far as it was impaired by giving such mortgage. It is a well-settled principle that a court of equity, having obtained jurisdiction of the parties and of the subject-matter of an action, will adapt the relief to be given to the exigencies of the case, and may order a sum of money to be paid to the plaintiff or give him a personal judgment therefor, when that species of relief is necessary to prevent a failure of justice, or where, for any reason, it is impracticable to grant the special relief demanded. (*Hovey* v. *Elliott*, 118 N. Y. 124; *Valentine* v. *Richardt*, 126 N. Y. 272; *Van Rensselaer* v. *Van Rensselaer*, 113 N. Y. 207; *Baily* v. *Hornthal*, 154 N. Y. 648; *Bell* v. *Merrifield*, 109 N. Y. 202; *Murtha* v. *Curley*, 90 N. Y. 372; *Roberts* v. *Ely*, 113 N. Y. 128; *McGean* v. *Metr. E. Ry. Co.*, 133 N. Y. 9.)

We are of the opinion that, under the proof as it now stands in the record, the plaintiff was not only entitled to have his lien as vendor made an express charge upon the premises as security for the payment of the unpaid purchase money according to the terms of the written agreement between the parties, but that he was also entitled to a personal judgment against the defendant Henrickson for the amount secured by the mortgage given by her, by which the plaintiff's lien was diminished to that extent.

The trial court, therefore, erred in dismissing the complaint, and the learned Appellate Division should have reversed the judgment appealed from and granted a new trial.

The judgment should be reversed and a new trial granted, with costs to abide the event.

PARKER, Ch. J., GRAY, O'BRIEN, BARTLETT, HAIGHT and VANN, JJ., concur.

Judgment reversed, etc.