(123 App. Div. 102.)

## BENNETT v. MURPHY et al.

(Supreme Court, Appellate Division, Fourth Department. January 8, 1908.)

1. VENDOR AND PURCHASER—LIEN FOR PRICE—WAIVER.

While a vendor, as a rule, has an equitable lien on the land conveyed for the unpaid price, though there is no agreement to that effect, yet a vendor who accepts the note of a third person waives his right to enforce the lien unless its retention is reserved, or unless the inference of waiver is overcome by the facts showing the intention of parties.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Purchaser, §§ 733, 734.]

2. MORTGAGES—OPERATION—PRIORITY OF LIEN.

The lien of a vendor for the unpaid price is superior to a mortgage accepted with knowledge that the price has not been paid in full.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 35, Mortgages, § 383; vol. 48, Vendor and Purchaser, § 670.]

3. VENDOR AND PURCHASER—VENDOR'S LIEN—WAIVER OF LIEN.

A vendor and the purchaser and a third person who was to furnish the purchase money understood that the price was to be paid in cash. When the parties met to consummate the sale, the third person could not obtain the money, and the vendor agreed to wait for the accommodation of the purchaser. Subsequently the third person gave a duebill which the vendor accepted as a memorandum of the sum unpaid. Held that, on the failure of the third person to pay, the vendor could enforce his lien on the premises for the price unpaid.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Purchaser, § 733.]

Appeal from Trial Term, Niagara County.

Action by George W. Bennett against Ada M. Murphy and others. From a judgment establishing a vendor's lien in favor of plaintiff, defendants Ada M. Murphy and another appeal. Affirmed.

On January 1, 1907, the plaintiff owned a farm of 100 acres in the town of Royalton, in said county of Niagara, subject to a savings bank mortgage of $2,800, besides interest. On that day he entered into a written agreement with the appellant Ada M. Murphy, whereby he agreed to sell and convey said premises to her for the sum of $8,000, the deed to be delivered and the possession of the premises given on the 1st of April following. By the contract the purchaser was to assume the payment of the mortgage and pay the balance of the purchase price in cash. The parties, in compliance with the terms of the agreement, met at Middleport, and the deed, at the request of Mrs. Murphy, was made to herself and her husband and co-appellant. The Murphys had only $2,000 to pay on the purchase price of this farm. They had

arranged with the defendant Knapp to loan them $6,000, out of which the existing mortgage and the balance due the plaintiff were to be paid. Knapp, who was known to the plaintiff, was present when the papers were prepared, and advised the plaintiff that he did not have the cash with him to pay the sum due, whereupon the plaintiff stated that he was willing to wait a day or two for the money. The deed and mortgage were delivered and the $2,000 paid by Mrs. Murphy. Her husband was not present. Knapp said he was going to Albany for two days, but would pay as soon as he returned, which the plaintiff said was satisfactory to him. The plaintiff, as surviving partner of a firm, had moneys in his hands belonging to Knapp as administrator of the deceased partner, which the latter desired paid over. A memorandum was prepared and signed by Knapp correctly certifying the balance due the plaintiff on the purchase price of the farm, and containing this clause, "which sum I agree to pay upon the settlement of my account with said G. W. Bennett," and which referred to the moneys already mentioned. The plaintiff refused to receive this paper, claiming that he was to receive cash for his farm and nothing had been said in regard to the partnership matter. Thereupon a duebill was signed by Knapp, dated that day, reciting there was due George W. Bennett $3,145.56, which was the balance unpaid, and was satisfactory to the plaintiff, and he accepted it. Three or four days later he asked Knapp to pay the duebill, which he declined to do until the partnership matter was adjusted. Afterwards a demand was made of the vendee for the payment of the purchase price unpaid, and, on refusal, this action was commenced against them, as well as Knapp, to establish a lien upon the premises for the sum unpaid. The judgment is against the vendees, directing a sale of the premises, with costs payable out of the avails of the sale and is superior to the mortgage of Knapp, who has not appealed, and who paid the savings bank lien. There is very little controversy over the facts.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

George F. Thompson, for appellants.
G. D. Judson, for respondent.

SPRING, J. The legal principles applicable to this situation seem to be well settled. The vendor, as a rule, has an equitable lien upon the land conveyed for the unpaid purchase price, even though there is no agreement to that effect. Hubbell v. Henrickson, 175 N. Y. 175, 67 N. E. 302; Sprague v. Cochran, 144 N. Y. 104, 112, 38 N. E. 1000; McWhorter v. Stewart, 39 App. Div. 212, 57 N. Y. Supp. 137; Bach v. Kidansky, 186 N. Y. 368, 78 N. E. 1088; Pomeroy's Equity Juris. § 1249 et seq. Knapp accepted the mortgage knowing that the purchase price had not been paid in full, so, of course, if any lien was permissible it was superior to his mortgage. Seymour v. McKinstry, 106 N. Y. 230, 12 N. E. 348, 14 N. E. 94. There is, however, an exception to the rule equally well established. If the vendor accepts the note of a third person, he waives his right to enforce the lien upon the premises, unless its retention is reserved, or unless the facts overcome the inference. Maroney et al. v. Boyle et al., 141 N. Y. 462, 36 N. E. 511, 38 Am. St. Rep. 821; Vail v. Foster, 4 N. Y. 312; Fish v. Howland and others, 1 Paige Ch. 20; 3 Washburn on Real Property (3d Ed.) p. 91. The appellants rely upon this exception or departure from the general principle. They claim that by the acceptance of the duebill the vendor relinquished his equitable lien and elected to rely exclusively upon the responsibility of Knapp for the large balance of the purchase price unpaid. The principle and the exception

are presumptions, and which shall prevail depends upon the facts in a given case denoting the intention of the parties.

Pomeroy in his Equity Jurisprudence, § 1259, states the rule as follows:

"The grantor may of course waive his lien. Whether he does so is a matter of intention, which must appear either expressly, or by acts directly inconsistent with its existence and indicating a clear intent to waive."

In this case it is important to keep in mind that Knapp was the agent or representative of the appellants. He furnished the money for them and the plaintiff understood he was acting in their behalf. All the parties appreciated that the purchase price for the farm was to be paid in cash. When they came together to consummate the sale and conveyance, there was no intention to depart from the cash payment. Knapp had his money deposited in a bank not accessible that afternoon. He intended to go to Albany for a day or two, and the plaintiff was willing to wait until his return for the balance of the purchase price. He did this for the accommodation of the appellants and Knapp. The vendees depended upon Knapp for the money, and they were therefore unable to pay on that day. All the parties comprehended the reason for the delay, and it was not in any respect at the solicitation or for the convenience of the plaintiff. The duebill given did not extend the time of payment. It was not an obligation, in the circumstances disclosed, which abrogated the plaintiff's equitable lien on the premises he had conveyed. It was intended by all the parties as a mere memorandum indicating the sum unpaid. It was signed by Knapp because he was to furnish the money, as the plaintiff knew, but it was signed by him while representing the appellants. It has no greater effect than if signed by Knapp and the vendees for they all participated in the transaction and it was for their common benefit. If the grantor had taken a promissory note from the vendees, his equitable lien would not have been waived thereby. Maroney et al. v. Boyle et al., supra. The duebill signed by Knapp has no different effect for it was given for his benefit. He is not the third person whose obligation may operate as a waiver. He is a party interested in the principal transaction.

Much is made of the plaintiff's statement that he accepted the duebill. He did receive it, but the purpose of it as explained by the undisputed evidence countervails the claim that it was intended to nullify the provision in the agreement that he was to be paid in cash. When confronted with the first memorandum providing for the adjustment of the partnership dealings in connection with the payment of the purchase price of the land, he has swift to repudiate any such plan, and contended distinctly that he was to be paid in cash for his farm, and all acquiesced in this understanding. Knapp and Murphy were represented by attorneys in the transaction, and he was alone and probably knew nothing whatever about a vendor's lien. He did comprehend, however, that he was to be paid in cash, and he never swerved or abated from that purpose. Beyond the costs which are imposed upon them, the appellants are not grievously injured by the decision in this case. They are only liable on the mortgage to Knapp to the

extent of the moneys advanced by him for their benefit. When demand was made of them to pay the purchase price, they were called upon to perform their contract about which there was no misunderstanding, but apparently they preferred to be controlled by their codefendant. The litigation is unfortunate for the man responsible for the controversy is not burdened with any of the costs.

The facts found by the trial court in its decision are in accordance with the plaintiff's position, and are fairly sustained by the evidence.

The judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.