GOLDINGER REALTY CO., INC., Plaintiff, *v.* BESSIE STEHR, Defendant.

Supreme Court, Kings Special Term, February, 1923.

**Sales — when acceptance of note of third party as part of purchase price does not forfeit vendor's lien.**

Payments on account of the purchase price of property sold by plaintiff to defendant were made by the checks of defendant's brother who conducted the transaction and to whom defendant gave the money therefor. In an action to enforce a vendor's lien for the purchase price it appeared that at the closing it was stated that defendant lacked sufficient cash and thereupon plaintiff took from defendant a note made by defendant's brother payable to and indorsed by defendant. *Held*, that the note was given for defendant's benefit, not for plaintiff's security, and its acceptance by plaintiff was not a waiver of its lien and it was entitled to judgment, with costs.

ACTION to enforce vendor's lien.

*Reuben Stone (Jacob W. Kahn,* of counsel), for plaintiff.

*Henry Fluegelman,* for defendant.

CROPSEY, J. The general rule is that the acceptance by the vendor of a note from the vendee for the whole or a portion of the purchase price does not deprive the vendor of his lien. But that lien may be lost by the vendor taking security or a note or other obligation for the purchase price from a third party. *Maroney* v. *Boyle*, 141 N. Y. 462. The question is one of intention. *Bennett* v. *Murphy*, 123 App. Div. 102; affd., 195 N. Y. 553. The purchase

money is *prima facie* a lien, and it rests upon the vendee to show the contrary. *Hubbell* v. *Hendrickson*, 175 N. Y. 175, 179. In the case at bar the defendant was the buyer of the property, but the transaction was conducted for her by her brother, and the payments on account of the purchase price were made by his checks, the money having been given to him by the defendant. At the closing it was stated that the vendee lacked sufficient cash and thereupon the plaintiff took from the defendant a note made by her brother, payable to her and by her indorsed. Under such circumstances he exception to the general rule above stated does not apply. The note was given for the defendant's benefit — not for the plaintiff's security. He is not really a third party, but was interested in the principal transaction. The acceptance of the note under the conditions shown was not a waiver of plaintiff's lien. *Bennett* v. *Murphy*, 123 App. Div. 102, 105; affd., 195 N. Y. 553. The plaintiff has not been paid the purchase price of its land and the defendant is obligated therefor. In good conscience she should pay. The courts do not look with disfavor upon the enforcement of a vendor's lien. *Flickinger* v. *Glass*, 222 N. Y. 404. Judgment for the plaintiff, with costs.

Judgment accordingly.