Appeal from a judgment of the Supreme Court entered in Cortland County upon a decision of the Court at a Trial and Special Term, which determined adversely to defendants-appellants the issue tendered by their answer, in a mortgage foreclosure action, as to the respective priorities of their alleged vendor’s lien and the lien of plaintiff-respondent’s mortgage. Appellants, as sellers, executed an option agreement for the sale of a parcel of land for $12,000. The purchasers exercised the option, and paid $1,000 of the price. The purchasers had obtained from respondent, a mortgage servicing corporation engaged in the business of taking and selling marketable first mortgages, a commitment to loan, pursuant to a building loan agreement, the sum of $24,000 to be secured by a mortgage of the premises and to be advanced in installments as the work of constructing a gasoline filling station should progress. At the title closing one of the purchasers announced the purchasers’ election, pursuant to the option agreement to pay $4,000 of the unpaid price on closing title and the $7,000 balance within 60 days. One of the appellants was present with appellants’ attorney and asked what assurance he would have that the balance would be paid and suggested that appellants be given a first mortgage. The appellant who testified to this conversation said that respondent’s respresentatives responded to this suggestion by saying that they “ couldn’t go along with it ”, that they “ wanted the first mortgage.” According to respondent’s officer and its attorney, their response was that they required a first lien and that the transaction could not be closed on the basis of respondent’s taking a secondary lien. After further discussion it was agreed that the purchasers would assign to appellants $3,500 from each of two successive advances when due from respondent under the building loan agreement and mortgage. Pursuant to such assignment the first $3,500 payment was made but subsequently the purchasers failed to complete the building and no further advance became due them. Thus $3,500 of the purchase price remains *1043 unpaid. The trial court found for respondent on each of two grounds, first, that appellants waived their vendor’s lien by accepting the assignment of the advances as security for the unpaid portion of the purchase price, and, second, that appellants are estopped from denying that they waived their lien because their conduct led respondent to believe that they had so waived it or had subordinated it to a proposed first lien in favor of respondent. As to the first ground of the decision, the rule is that a vendor’s lien will be deemed waived if the vendor “ takes any security for the purchase money, as a mortgage upon the same or other property, or the note or other obligation of a third party” (Maroney v. Boyle, 141 N. Y. 462, 467) or if he takes “ any security independent of a personal liability of the vendee to respond for the consideration-money ” (Payne v. Wilson, 74 N. Y. 348, 353). (See, also, Flickinger v. Glass, 222 N. Y. 404, 409 ; 5 Pomeroy on Equity Jurisprudence [5th ed.], § 1252, p. 745.) It is questionable whether the purchasers’ assignment of advances to become due them, as and if they proceeded with and completed the construction, constituted security “independent” of their personal liability to the sellers or whether, as security collateral to a continuing liability, the assignment did not meet that test. We need not determine the question, however, since we find valid in any event the second ground of the trial court’s decision. In disputing the finding of waiver and estoppel appellants assert that no inconsistency exists between their claim of a vendor’s lien of continuing priority and their tacit acquieseeneé in the delivery of the mortgage. This contention could be valid only upon rejection of respondent’s proof that it demanded not merely a first mortgage but one that would constitute a first lien as well. This proof, however, the trial court accepted and we cannot say that its finding was contrary to the weight of the evidence. Appellants assert, also, that neither they nor their attorney were aware of their right to a vendor’s lien and hence that there was no conscious and informed waiver on their part. They urge, further, that waiver and estoppel may not be grounded on the fact that they were silent merely and took no affirmative action to mislead. We need discuss neither of the principles thus dogmatically expressed nor the reservations and modifications to which each is subject in application to particular circumstances. Here there is clear inference from abundant proof that appellants knew that the transaction would be completed only if respondent’s position should be preferred, regardless of the terms used in the discussion. Knowing this, appellants acted affirmatively to convey title. Only after that act could respondent obtain the primary lien which it demanded and thus render available at least a portion of the purchase price. It is plain that appellants’ conduct induced respondent to make the loan. The trial court properly found that respondent relied upon appellants’ implied waiver, which they are now estopped from denying. Judgment unanimously affirmed, with costs to respondent.
Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.