■ GRID REALTY CORP., Appellant, v THOMAS FAZZINO et al., Defendants, and DOROTHY GAYNOR, Respondent.—In an action pursuant to article 15 of the Real Property Actions and Proceedings Law, to determine the ownership of real property, plaintiff appeals from a judgment of the Supreme Court, Suffolk County, dated July 23, 1976, which, after a nonjury trial, *inter alia,* determined that respondent, Dorothy Gaynor, was the owner of the fee title to the property, and barred plaintiff and others from any claim thereto. Judgment reversed, on the law, with costs, the appellant is declared to be the owner of the fee title to the premises, the defendants are barred from any claims thereto, and the action is remanded to Special Term for entry of an appropriate judgment in accordance herewith (see Real Property Actions and Proceedings Law, § 1521). The facts in this case are not in dispute. In February, 1969 a fire substantially damaged a one-family residence owned by defendants Thomas and Dorothy Fazzino. In July, 1970 the Fazzinos contracted with the defendant, I. Charles Enterprises, Inc. (Charles), for the rebuilding of the premises. The contract provided that the Fazzinos execute a deed of said property to Charles. Mrs. Fazzino testified that the deed was to be held in escrow by Charles' attorney until the work was completed and "all liens and contractors, subcontractors and everyone was paid for the building being rebuilt." At the end of that time, the deed was to be returned. A dispute arose as to the adequacy of the work performed and the amount of money owed, approximately $11,500. As a result, on August 3, 1971, Charles recorded the deed without notice to the

Fazzinos. The Fazzinos executed a deed to defendant Dorothy Gaynor, their daughter, on August 5, 1971, which deed was later recorded on August 23, 1971. When the Fazzinos subsequently learned of the recording of the Charles deed, they instituted an action on January 13, 1972 to set it aside and to declare it to be a mortgage. A *lis pendens* was filed against the property on the same day. Meanwhile, a creditor of Charles obtained a judgment against it which was docketed on February 10, 1972. The failure of the Fazzinos to renew their *lis pendens* upon its expiration date of January 14, 1975 permitted the judgment creditor to institute enforcement proceedings against the property. On January 28, 1975 the Sheriff of Suffolk County served due notice of sale, but it was conceded that no such notice was given to the Fazzinos or to Dorothy Gaynor. The Sheriff's sale based upon the judgment creditor's lien took place on March 4, 1975. Plaintiff was the highest bidder at the public auction and, on March 12, 1975, the Sheriff executed a deed to the plaintiff, which deed was duly recorded on March 28, 1975. On March 17, 1975 the Fazzinos and Charles stipulated, in the action then pending by the Fazzinos against Charles, to declare the 1970 deed a mortgage, *nunc pro tunc,* i.e., as of July 31, 1970. On April 9, 1975 an order was entered embodying the said stipulation. We hold that by reason of the protection afforded by the recording act, an innocent purchaser for value, who in good faith acquires title through a Sheriff's execution sale, and records the deed pursuant thereto, has a right to the property superior to any claim derived through a subsequently entered judgment which declares the judgment debtor's prior record ownership to be, in fact, a mortgage (see *Maroney v Boyle,* 141 NY 462). The trial court erroneously made a distinction between the rights of an innocent purchaser who obtains a deed at a Sheriff's sale and one who takes directly from the judgment debtor. No such distinction exists. A purchaser, after he obtains a Sheriff's deed, is in the same position as he would have been if the deed had been executed by the judgment debtor at the time the judgment was docketed *(Maroney v Boyle, supra).* "The transfer of title is the same as if the sheriff had in fact acted as the authorized attorney of the debtor. The grantee in such cases holds, not under the sheriff, but under the debtor, and the deed when recorded is protected by, and has the benefit of the recording act" *(Hetzel v Barber,* 69 NY 1, 10). Cohalan, Acting P. J., Rabin, Shapiro and O'Connor, JJ., concur.