OPINION OF THE COURT
John G. McCarthy, J.
Petitioner’s special proceedirig for relief, pursuant to CPLR article 78, and respondents’ motion to dismiss the petition, pursuant to CPLR 7804 (subd [f]), are consolidated for the purposes of this decision.
In the proceeding the petitioner seeks an order (judgment) which would direct the respondent, John P. Finnerty, the Suffolk County Sheriff, to conduct a sale of certain real *451 property in the Town of Brookhaven, County of Suffolk, known commonly as 134 Granny Road, Farmingville, New York.
It appears that one, Joseph Bongiorno, then the owner as a tenant by the entirety of the property on Granny Road, executed a confession of judgment running to the petitioner on or about June 20, 1974, which was docketed in the County Clerk’s office as a judgment on July 1, 1974. Subsequent to the entry of petitioner’s judgment, a second judgment was entered against both of the owners of the said real property, i.e., Bongiorno and his wife, on November 15, 1974. Thereafter, and pursuant to an execution issued on the basis of this second judgment in favor of Direct Finance Corp., the respondent, Sheriff, conducted a sale of the Granny Road property at public auction, the purchaser thereof being one, Charles Solomon (Salomon), the corespondent herein. Solomon purchased the premises for $3,800 and on March 22, 1977, received a Sheriff’s deed. In June of 1979, petitioner forwarded a copy of a real property execution to the respondent, Sheriff, requesting that the Sheriff execute against the subject real property now owned by the respondent, Solomon. The Sheriff refused to execute and advised the petitioner he could not since a bona fide transfer of the property had been made to another party.
Basically, what petitioner seeks is an order of the court requiring the Sheriff to perform a ministerial duty, viz., his duty of conducting a sale of the real property, now owned by Solomon, to satisfy the subject judgment.
The respondent, Sheriff, in opposition, states that he has no interest in the matter other than as a "stakeholder” abiding the determination of the court. The corespondent moves to dismiss and urges that even if the petitioner was a senior judgment creditor (in the court’s view there seems to be no dispute as to that fact), this does not invalidate the sale. Solomon argues that CPLR 5236 (subd [c]) provides that an omission to give notice "does not affect the title of a purchaser without notice of the omission or offense” and there is no proof, much less an assertion that the purchaser Solomon had notice of a failure to notify the senior judgment creditor, May.
The court is unable to determine whether the petitioner was a notified or unnotified judgment creditor. CPLR 5236 (subd [e]) provides that a notified judgment creditor who fails to deliver an execution to the Sheriff prior to sale shall have no further lien on the property. It does not follow, however, that *452 an unnotified creditor’s lien continues, for the sale conveys the realty to the purchaser free of all judgment liens, and CPLR 5203 (subd [a], par 3) so provides (First Fed. Sav. & Loan Assn. of Port Washington v McKee, 61 Misc 2d 693). A purchaser, after he obtains the Sheriffs deed is in the same position as he would have been if the dped had been executed by the judgment debtor at the time the judgment was docketed (Maroney v Boyle, 141 NY 462). "[T]he transfer of title is the same as if the sheriff had in fact acted as the authorized attorney of the debtor. The grantee in such cases holds, not under the sheriff, but under the debtor, and the deed when recorded is protected by, and has the benefit of the recording act” (Hetzel v Barber, 69 NY 1, 10; Grid Realty Corp. v Fazzino, 55 AD2d 635, affd 42 NY2d 1048).
An unnotified judgment creditor is not left without any means of collecting his judgment. Petitioner could have moved to have the execution sale set aside if she moved within one year after the sale (see CPLR 2003, 5237), but such right has been extinguished. However, petitioner’s judgment remains effective as against the judgment debtor and as against the surplus proceeds of the sale remaining after the payment of the amount of all the judgments for which a timely execution was received by the Sheriff. The court has not been advised whether there were any excess proceeds of the sale, and if so, what disposition was made of them. CPLR 5236 (subds [e], [g]) provides that "unless the count otherwise directs” they are to be turned over to the judgment debtor. Such proceeds would not be immune from application to petitioner who failed to issue an execution even if she received receipt of the notice of sale (6 Weinstein-Korn-Miller, NY Civ Prac, par 5236.22c). If the Sheriff were still in possession of surplus moneys belonging to the judgment debtor, then judgment might be entered in favor of petitioner to the Extent of such moneys (CPLR 5225, 5227, 5236; Matter of Preston Farms v Nacri, 42 AD2d 668). There is another alternative, and that is that petitioner could maintain an action against the levying creditor (6 Weinstein-Korn-Miller, NY Civ Prac, par 5236.22).
Petitioner is not entitled to the relief sought in this proceeding, that is to compel the Sheriff to conduct a further sale of real property now owned by tibje corespondent, Solomon. However, since the Sheriff has not opposed the petitioner’s request for the return of the moneys advanced by petitioner’s attorney to cover mileage, filing fee and the required escrow, such *453 moneys should be returned to petitioner in the judgment to be entered herein.
The motion of the corespondent, Solomon, dismissing the petition is granted and this memorandum decision shall also constitute the order of the court granting such relief.