■ INSULATION PLUS, INC., Respondent, v THOMAS F. HIGGINS, as Sheriff of Erie County, Respondent, and SOUTHTOWNS INDUSTRIES, INC., Appellant. [626 NYS2d 609] —Judgment unanimously affirmed without costs. Memorandum: On January 10, 1990, plaintiff obtained a money judgment against Greater Eastside Development Corp. (Eastside) in the amount of $19,716.30. In July 1990 plaintiff issued executions to defendant Thomas F. Higgins, Sheriff of Erie County (Sheriff), directing him to satisfy the judgment from the sale of two properties in Buffalo owned by Eastside. The Sheriff conducted the sale of those properties by public auction on October 1, 1990. Plaintiff, the sole bidder, purchased both properties for $1.00. Thereafter, defendant Southtowns Industries, Inc. (Southtowns) obtained a money judgment against Eastside for $25,912.99, which was docketed on November 20, 1990. Although disputed by the Sheriff, both plaintiff and Southtowns maintain that the deeds were not delivered to plaintiff until after Southtowns docketed its judgment. On December 14 and

17, 1990, plaintiff recorded the deeds in the Erie County Clerk's Office. After learning that Southtowns was asserting a surviving lien against the properties, plaintiff commenced this action seeking, in the first cause of action, monetary damages from the Sheriff based upon his failure to deliver the deeds within 10 days in accordance with CPLR 5236 (f) and, in the second cause of action, a judgment pursuant to CPLR 3001 declaring that Southtowns had no lien against the properties.

After the Sheriff and Southtowns interposed their answers, plaintiff moved and the Sheriff cross-moved for summary judgment on plaintiff's second cause of action. Southtowns cross-moved for summary judgment (1) declaring that its lien was a valid and subsisting lien against the properties, and (2) dismissing plaintiff's complaint and the Sheriff's cross claims against it. Supreme Court granted plaintiff's motion for summary judgment and the Sheriff's cross motion for summary judgment. Southtowns's cross motion for summary judgment was denied. We affirm.

Although the Sheriff violated CPLR 5236 (f) by failing to deliver the deeds within 10 days after the execution sale, that failure did not preserve Southtowns's lien. CPLR 5236 concerns only the Sheriff's obligation to execute and deliver certain documents, including a deed, to the purchaser at an execution sale; it does not concern the rights of third parties, such as other judgment creditors.

The priority of liens upon real property is governed by CPLR 5203. Protection is afforded thereunder to a judgment creditor in the event that a judgment debtor attempts to transfer the debtor's interest in real property while the creditor's judgment is effective. The judgment creditor does not receive such protection, however, if the judgment debtor's transfer of real property is in satisfaction of a prior judgment or to a purchaser for value at a judicial sale, including an execution sale (see, CPLR 5203 [a] [1], [3]; 6 Weinstein-Korn-Miller, NY Civ Prac ¶¶ 5203.07, 5203.09). Both exceptions apply here.

With respect to the first exception, plaintiff's lien, docketed January 10, 1990, was senior to Southtowns's lien and the transfer to plaintiff via the execution sale was in satisfaction of plaintiff's judgment. It should be noted that Southtowns did not have a lien when the execution sale took place.

Plaintiff was a purchaser for value at the execution sale and, therefore, the second exception also applies. Although the properties were purchased by plaintiff for $1 each, the Sheriff

in his affidavit stated that the parcels were subject to title problems, such as tax liens, penalties and interest, and that "execution sales are distress sales at public auction where the amounts bid tend to reflect bidders' general inability to conduct inspections and appraisals of the real property, or to arrange for purchase money mortgages." Further, Southtowns does not controvert that the properties were purchased for value.

The contention of Southtowns that it has a surviving lien against the properties because the deeds had not been delivered or recorded and title had not yet passed when its judgment was docketed is without merit. Once the deed was recorded, title was deemed to have passed at the time plaintiff's judgment was docketed. "[T]he purchaser at a Sheriff's sale * * * takes immediate title to the property and is placed in the same position as he would have been if the deed had been executed by the judgment debtor himself [citation omitted]" *(Guardian Loan Co. v Early,* 47 NY2d 515, 518; *Maroney v Boyle,* 141 NY 462, 469-470; *Grid Realty Co. v Fazzino,* 55 AD2d 635, 636). The deed conveys precisely what the judgment debtor could have conveyed when the judgment was docketed *(see, Leonardo v Siegal,* 150 AD2d 760). (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—Priority of Liens.) Present—Fallon, J. P., Wesley, Doerr, Balio and Boehm, JJ.